UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHEMEON SURFACE TECHNOLOGY, LLC, | ) ) ) | 3:15-CV-0294-MMD (VPC) |
| Plaintiff, | ) ) | **MINUTES OF THE COURT** |
| vs. | ) ) | February 28, 2017 |
| METALAST INTERNATIONAL, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:      LISA MANN      REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

On September 15, 2016, this court issued an order granting the motion of plaintiff, Chemeon Surface Technology, LLC ("Chemeon") to compel (ECF No. 177). The court found that defendants' voluntary disclosure of attorney-client communications constituted a waiver of the privilege as to all other such communications on the same subject, which includes "the provision of legal services related to the development, acquisition, registration, ownership, protection, licensing, and assignment of intellectual property rights for the LLC and the INC." (*Id.* at 5).

Now before the court is Chemeon's motion to compel full compliance with its September 15, 2016 order (ECF No. 184).[1] The parties stipulated to hold briefing in abeyance because they requested a settlement conference, and the court granted that stipulation (ECF No. 194). The settlement conference was held on January 6, 2017, but the parties were unable to settle the case (ECF No. 205). Thereafter, defendants Metalast International, LLC, Metalast, Inc., Sierra Dorado, Inc., David Semas, Greg Semas, and Wendi Semas-Fauria ("defendants") filed their opposition (ECF Nos. 214 & 215), and Chemeon replied (ECF No. 219).

The court is very familiar with the issues raised by the parties in this most recent motion to compel, since it already entered its order resolving this very subject (ECF No. 177). Chemeon's motion to compel full compliance (ECF No. 177) is **GRANTED** as follows:

---

[1] Plaintiffs shall cease referring to defendants in this case as "defendants at issue."

1.	David Semas is **ORDERED** to reappear for a further day of deposition on a date to be negotiated by the parties, and the parties shall file a notice with this court within five court days of the date of this order to notify the court of the date of that deposition;

2.	David Semas and any other witness testifying in this case is **ORDERED** to answer all questions that fall within the scope of the subject matter waiver as clearly stated in this court's September 15, 2016 order, which specifically includes any provision of legal services related to the development, acquisition, registration, ownership, protection, licensing, and assignment of intellectual property rights for Metalast, LLC and Metalast, Inc., without regard to whether attorney-client communications occurred during the pendency of David Semas's bankruptcy proceedings; and

3.	Defendants' failure or refusal to comply with this order or its September 15, 2016 order shall subject defendants and their counsel to sanctions pursuant to Fed.R.Civ.P. 37.

**IT IS SO ORDERED.**

DEBRA K.KEMPI, CLERK

By:           /s/
        Deputy Clerk