UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHEMEON SURFACE TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>METALAST INTERNATIONAL, INC., et al.,<br><br>Defendants. | Case No. 3:15-CV-0294-MMD (VPC)<br><br>**ORDER** |
| AND RELATED CLAIMS. | |

Before the court is the motion *in limine* of Metalast International, Inc, Metalast, Inc., Sierra Dorado, Inc, David M. Semas, Greg D. Semas, and Wendi Semas-Fauria collectively "Metalast") to exclude evidence of undisclosed damages (ECF No. 186). Plaintiff Chemeon Surface Technology, LLC ("Chemeon") opposed the motion (ECF No. 207), and Metalast replied (ECF No. 209 & 210).[1]

I. **Procedural History**

During the pendency of plaintiff's motion for preliminary injunction and the District's Court's hearing on the motion in October 2015, this court held its first case management conference in this case on September 1, 2015 (ECF No. 46). The court set the following discovery deadlines: (1) February 28, 2016 for fact discovery; (2) April 18, 2016 for expert discovery; and, (3) March 28, 2016 for disclosure of expert witnesses. (*Id.*)

On December 2, 2015, the court held a second case management conference, and the parties reported that pursuant to the District Court's order, the Bankruptcy Court scheduled a

---

[1] Because Metalast entitled its motion as *in limine*, the District court initially struck Metalast's reply (ECF Nos. 210 & 211). However, the motion is actually one motion for sanctions pursuant to Fed.R.Civ.P. 37; therefore, the reply memoranda will be considered.

settlement conference for February 25, 2016 (ECF No. 81). For that reason, the parties requested, and this court granted, a stay and extended the deadline to amend pleadings or add parties to March 1, 2016. (*Id.*) The court further ordered the parties to file a status report within seven days after the settlement conference. (*Id.*)[2]

On March 9, 2016, the parties filed their joint status report to advise that they did not settle the case and that plaintiff intended to file its motion for leave to file an amended complaint (ECF No. 93). On March 31, 2016, the District Court held hearing on defendants' motion for preliminary injunction, which it denied (ECF No. 103). Plaintiff then filed its amended complaint on April 7, 2016 (ECF No. 108), and defendants answered on May 3, 2016 (ECF No. 113).

On May 6, 2016, the parties filed a joint motion to extend discovery and related deadlines (ECF No. 124). The court granted the joint motion and extended the following pertinent deadlines: (1) August 29, 2016 for fact discovery; (2) September 28, 2016 for expert disclosures; and October 17, 2016 for the close of expert discovery (ECF No. 126). The court also scheduled monthly case management conferences for June, July, and August 2016 to assist the parties in managing discovery (ECF No. 132).

At the July 13, 2016 case management conference, the parties jointly requested a brief extension of the discovery plan and scheduling order as follows: (1) September 28, 2016 deadline for fact discovery; (2) October 28, 2016 deadline for initial expert witness disclosures; (3) November 16, 2016 deadline for rebuttal expert disclosures; and, December 16, 2017 deadline for the filing of dispositive motions (ECF No. 155).

On October 6, 2016, Metalast filed the present motion *in limine*. (ECF No. 186). Two weeks later, on October 21, 2016, the parties submitted a request for a settlement conference with the court, which the District Court approved (ECF No. 197). In light of the requested settlement conference, the court approved stipulations to stay briefing on two pending discovery

---

[2] The court later vacated the January 2016 case management conference in light of the impending settlement conference with the Bankruptcy Court (ECF No. 88).

motions, including defendants' motion *in limine*, until after the conclusion of the settlement conference (ECF No. 196). The settlement conference was then scheduled for January 6, 2017.

The case did not settle, and the court reported the results on the record (ECF No. 205). The court noted that counsel needed to meet and confer concerning briefing on two pending discovery motions and directed the parties to meet and confer regarding a briefing schedule. The parties did not submit a report concerning outstanding discovery, so the court issued an order on January 25, 2017, and once again ordered the parties to advise the court how they proposed to proceed by January 30, 2017 (ECF No. 206).

The parties then reported that the two pending discovery motions (ECF Nos. 184 & 186) needed to be fully briefed, but reported that they could not agree about anything else with respect to discovery or dispositive motion deadlines (ECF No. 208). The court approved the briefing schedule for the two discovery motions (ECF No. 213) and subsequently granted plaintiff's motion to compel (ECF No. 221).

## II. Discussion and Analysis

Rule 26(a)(1)(A)(iii) requires a party to provide "a computation of each category of damages claimed by the disclosing party." It also requires the disclosing party to "make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based, including material bearing on the nature and extent of injuries suffered." "While a party may not have all of the information necessary to provide a computation of damages early in the case, it has a duty to diligently obtain the necessary information to prepare and provide its damages computation within the discovery period." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011).

Courts recognize that the plaintiff may not have all information concerning damages available to it at the outset of the case, and also acknowledge that a plaintiff has an ongoing duty to supplement its damages calculation as the case progresses. *McSwiggin v. Omni Limousine*, 2016 WL 1030053, at *4 (D. Nev. Mar. 10, 2016).

The court has reviewed the status of discovery as of last fall 2016, when Metalast filed its motion *in limine*. The court is satisfied that Chemeon continued to disclose its computation of damages as part of its seventh supplemental disclosure, and that it also produced documents in support of these damages (ECF No. 207, Exs. 1 & 2). In addition, Chemeon provided responses to written discovery concerning particular claims for relief alleged in the amended complaint. (*Id.*, Ex. 3). Deposition discovery also preliminarily fleshed out damages concerning allegations of insider sales and its effect of operations, which Chemeon claims affect the value of the assets that Chemeon purchased. (*Id.*, Ex. 5). Finally, expert witness disclosures had not yet been made on the issue of damages. The result is that Metalast's motion *in limine* is premature.

### III. Conclusion

The court finds that as of October 2016, Chemeon had continued to supplement its initial disclosures regarding damages, and although not yet complete, the severe sanction of excluding Chemeon's damages at trial or in support of or in opposition to any dispositive motion is unwarranted.

Metalast's motion *in limine* (ECF No. 186) is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 13, 2017.

_____
UNITED STATES MAGISTRATE JUDGE