UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHEMEON SURFACE TECHNOLOGY, LLC, | Case No. 3:15-CV-0294-MMD (VPC) |
| Plaintiff, | **ORDER** |
| v. | |
| METALAST INTERNATIONAL, INC., et al., | |
| Defendants. | |
| AND RELATED CLAIMS. | |

Before the court is the second motion of defendants, Metalast International, Inc., Metalast, Inc., Sierra Dorado, David Semas, Greg Semas, and Wendi Semas-Fauria ("Metalast") to exclude evidence of undisclosed damages (ECF Nos. 216, 217, 218). Plaintiff Chemeon Surface Technology, LLC ("Chemeon") opposed (ECF No. 220) and Metalast replied (ECF No. 222).

On October 6, 2016, Metalast filed a motion *in limine* to exclude evidence of undisclosed damages (ECF No. 186), and this court denied the motion on March 13, 2017 (ECF No. 229). On February 6, 2017, after a stay of discovery and a settlement conference, Metalast filed the *exact* same motion, but failed to disclose this to the court or to provide any explanation why Metalast would file a duplicate motion. (*See* ECF No. 216.) It was not until Metalast filed its reply on February 28, 2017, that it made following explanation in a footnote:

> This motion was originally filed October 6, 2016 as ECF No. 186. Because it was docketed as a motion in limine, the Court "srtuck" the reply filed on January 26, 2017 as ECF No. 210. The motion was re-filed, but not docketed as a motion in limine because it seeks to exclude presentation of damages based on non-disclosure, not based on evidentiary grounds.

(ECF No. 222 at 1.) Metalast did not withdraw its original motion *in limine*. The result is that after the stay of briefing on the two pending discovery motions (ECF No. 184 & 186) and the

January 6, 2017 settlement conference, the court issued orders concerning each of these motions (ECF Nos. 221 & 229).

Four months passed between the time Metalast filed its original motion and the present one, and it is an understatement to say that the ensuing events in this case would surely have caused Metalast to file its "new" motion with those events it mind. Metalast did not, although it is certainly true that Metalast attempted to reconstruct the scope of its motion in its reply (ECF No. 222). The court reviews Metalast's new motion on its face, and, therefore, re-denies the motion to exclude evidence of damages (ECF No. 216).

In reviewing what it originally believed to be an actual "new" motion in light of the developments in this case over the past several months, the court spent considerable time not only reviewing the parties' memoranda, but also the minutes of case management hearings and the recording of the January 6, 2017 hearing at the conclusion of the settlement conference. The court now recounts the chronology of events since October 2016, when the parties requested a settlement conference, a stay of discovery, and a stay of the briefing of pending motions.

The relevant discovery deadlines were issued in July 2016: (1) September 28, 2016 for the close of fact discovery; (2) October 28, 2016 for initial expert disclosures; (3) November 16, 2016 for rebuttal expert disclosures; and (3) December 16, 2016 for the filing of dispositive motions (ECF No. 155). However, in October 21, 2016, the parties submitted a request for a settlement conference, which the District Court approved (ECF No. 197).

In light of the requested settlement conference, this court stayed briefing on two outstanding discovery motions (ECF No. 201), and it also granted an extension of time to complete outstanding discovery as follows: (1) expert witness disclosures were due seven days following the settlement conference; (2) rebuttal expert disclosures were due twenty-one days after the settlement conference, and (3) dispositive motions were due thirty days following rebuttal expert witness disclosure (ECF No. 198). As for fact discovery, the parties reported that only a few issues remained, including the deposition of Ian Burns, a potential further deposition of David Semas,

and issues outlined in the minutes of the October 17, 2016 case management conference. (*Id.*) These matters were also stayed in light of the settlement conference, which was then scheduled for January 6, 2017 (ECF No. 204).

The parties did not settle the case on January 6, 2017, and the court went on the record briefly to report the outcome of the settlement and to address outstanding discovery and briefing on pending motions. *See* transcript of settlement conference (ECF No. 230.) The court has listened to the recording of the conclusion of the settlement conference. Although the transcript does not indicate the attorneys who spoke during this brief hearing, the attorneys are Tim Lucas, Esq. for Chemeon and Michael Hoy, Esq. for Metalast. As the transcript indicates, the court and counsel discussed completing the briefing of the pending discovery motions, but also discussed outstanding expert discovery and the modification of the current scheduling order. (*Id.* at 4:3-11; 4:14-25.) The court directed the parties to meet and confer and submit a stipulation concerning these issues. (*Id.* at 5:2-6.)

The parties did not submit the requested stipulation, so the court issued a second order on January 25, 2017, and ordered the parties to advise the court how they intended to proceed by January 30, 2017 (ECF No. 206). In response, the parties reported that they had agreed upon a briefing scheduling for the pending discovery motions; however, they disagreed about discovery deadlines and the dispositive motion deadline (ECF No. 208). On February 6, 2017, Metalast filed the pending motion to exclude evidence of undisclosed damages.[1]

On March 7, 2017, Chemeon filed a case management report to advise the court about the parties' efforts to meet and confer after the unsuccessful settlement conference (ECF No. 224). Chemeon reports that on January 10, 2017, it circulated a proposed stipulation to complete discovery and pending motions. (*Id.*) Individual defendant Marc Harris, responded with feedback on January 12, 2017, although he is not part of this discovery dispute; however, Metalast's counsel

---

[1] Metalast did not take this opportunity to withdraw its October 6, 2016 motion (ECF No. 186), nor did it advise the court that its "new" motion was identical to the first.

- 3 -

provided no response until January 25, 2017, when this court issued its second order, and counsel had a telephonic meeting that same day. (*Id.*) By this time, at least one of the dates that Chemeon proposed had already lapsed. (*Id.*) Chemeon also reported the parties' positions with respect to pending fact discovery and expert discovery.

After the settlement conference, Chemeon proposed a deadline for January 27, 2017 expert witness disclosures, and February 24, 2017 for expert rebuttal disclosures (ECF No. 224). Chemeon also suggested a deadline of April 28, 2017 for the filing of dispositive motions, as well as dates to complete outstanding fact discovery that had been stayed. (*Id.*) Metalast took the position that the court's October 31, 2016 order setting deadlines for expert and rebuttal expert disclosures and for filing dispositive motions still applied; therefore, it would not agree to any additional extensions (*Id.*) Metalast proposed February 27, 2017 as the deadline to submit dispositive motions.

On January 27, 2017, Chemeon disclosed its expert witness report pursuant to its proposed expert disclosure deadline (ECF No. 220, Ex. 1). To date, Metalast has not disclosed an expert or rebuttal expert report, nor has it sought any extensions of time in which to do so. Therefore, the court considers expert discovery now closed.

The court also notes that Chemeon has filed a motion for summary judgment regarding four claims for relief (ECF No. 227).

I. **Conclusion**

Based upon the foregoing, and good cause appearing,

**IT IS ORDERED AS FOLLOWS:**

1. Metalast's motion to exclude damages (ECF No. 216) is **RE-DENIED**;
2. The court adopts Chemeon's expert disclosure deadlines of January 27, 2017 for initial expert reports and February 24, 2017 for rebuttal expert reports; therefore, expert discovery is **CLOSED**;
3. Chemeon's expert witness report is deemed **TIMELY**;

4. Chemeon has leave to complete the depositions of David Semas, Ian Burns, and PJ Panzica, and Chemeon also has leave to request the court's assistance should it encounter difficulties with the scheduling of any of these depositions;

5. Apart from the fact discovery outlined in Section 4, above, fact discovery in this case is **CLOSED**; and

6. The deadline to file any further dispositive motions is **April 28, 2017, and no extensions of this deadline will be granted.**

**IT IS SO ORDERED.**

DATED: March 14, 2017.

_____
UNITED STATES MAGISTRATE JUDGE