UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHEMEON SURFACE TECHNOLOGY, LLC, | Case No. 3:15-CV-0294-MMD (VPC)

Plaintiff, | **ORDER**

v.

METALAST INTERNATIONAL, INC., et al.,

Defendants.

_____

AND RELATED CLAIMS.

On September 15, 2016, the Court entered an Order (ECF No. 177) finding a waiver of the attorney-client privilege because records of Metalast International, LLC and Metalast International, Inc., had been commingled. The Court found:

> that defendants' voluntary disclosure of the attorney-client communications constitutes a waiver of the privilege "as to all other such communications on the same subject." *Weil*, 647 F.2d at 24. By "the same subject," the court finds this includes the provision of legal services related to the development, acquisition, registration, ownership, protection, licensing, and assignment of intellectual property rights for the LLC and the Inc. As to the thirty-four documents submitted to the court *in camera*, the court finds these documents relate to the universe of documents included in the subject matter waiver; therefore, they are not entitled to any privilege protections.

(*Id.* at 5.)

On February 28, 2017, the Court entered an Order (ECF No. 221) that David Semas and other deposition witnesses answer questions, without objection, that fell within "the same subject" defined in the September 15, 2016 order. (ECF No. 177.) This Order clarified that the scope of the subject matter waiver defined in the September 15, 2016 order was "without regard to whether attorney-client communications occurred during the pendency of David Semas's bankruptcy

proceedings." (ECF No. 221 at 2.) The Court further stated, "Defendants' failure or refusal to comply with this order or its September 15, 2016 order shall subject defendants and their counsel to sanctions pursuant to Fed.R.Civ.P. 37." (*Id.*)

On April 11, 2017, the Court conducted a Motion and Show Cause Hearing (ECF No. 268). At this hearing, the Court ordered that "all attorneys listed in Exhibit 25 of the Declaration of Michael D. Hoy in opposition to the motion for sanctions, etc., (ECF No. 252) and Ian Burns, Esq., shall provide a certification that they have produced all documents and attorney invoices in their possession, even if counsel contend they are protected by attorney-client privilege or work product doctrine. (*Id.*)

Accordingly, it is ordered:

1. Michael D. Hoy, by signing below, hereby certifies that the attorneys listed below (the "Certifying Attorneys") are the only attorneys in possession, custody, or control of documents falling within the scope of the subject matter waiver. The following Certifying Attorneys shall each execute and deliver to Mr. Hoy for filing with the Court, a certification, in the forms attached as Exhibit A:

- Ian Burns, Esq., ATIP Law, 4790 Caughlin Parkway, #701, Reno, Nevada 89519, email: iburns@atiplaw.com;
- Stephen R. Harris, Esq., 6151 Lakeside Drive, Suite 2100, Reno, Nevada 89511, email: steve@harrislawreno.com;
- Lara Pearson, Esq., PMB 405, 75 Mays Bouleard, No. 10, Incline Village, Nevada 89541, fax: (866) 364-6187;
- Garrett Sutton, Esq., Sutton Law Center, 348 Mill Street, Reno, Nevada 89501, email: gsutton@sutlaw.com; and
- Michael Hoy, Joy Chrissinger Kimmel Vallas, PC, 50 West Liberty Street, Suite 840, Reno, Nevada 89501, email: mhoy@nevadalaw.com

2. Any attorney who submits a certification that identifies documents or electronically-stored information ("ESI") falling within the scope of the subject matter waiver as

defined in the Court's Order (ECF Nos. 177, 221), from April 1, 2013 to June 3, 2015, shall also produce those documents and ESI directly to Plaintiff's counsel (Tamara Reid, Esq., Holland & Hart, LLP, 5441 Kietzke Lane, 2nd Floor, Reno, Nevada 89511; treid@hollandhart.com) by no later than April 27, 2017. In the event a Certifying Attorney has no documents and things in their possession that are within the scope of the subject matter, the Certifying Attorney shall execute the No Documents Located Certification;

3. Defendants' counsel shall provide a copy of this Order, the Certifications, and the Court's prior Orders and Minutes of Proceedings related to the subject matter waiver (ECF Nos. 177, 221, 268) to the Certifying Attorneys;

4. All Certifying Attorneys must collect and produce to plaintiff all documents and things in their possession that fall within the scope of the subject matter waiver defined as: "the provision of legal services related to the development, acquisition, registration, ownership, protection, licensing, and assignment of intellectual property rights for the LLC and INC., without regard to whether attorney-client communications occurred during the pendency of David Semas's bankruptcy proceedings" and "even if counsel contend [the documents] are protected by the attorney-client privilege or work product doctrine." (*Id.*) The documents and things to be produced to plaintiff, must include any billing records (specifically, invoices) related to the subject matter waiver;

5. Any ESI produced must be produced in a native format, according to the ESI protocol set forth in ECF No. 44; and

6. In the event, any Certifying Attorney contends a document or thing falling within scope of the subject matter waiver should still be protected by the attorney-client privilege or work product doctrine, and, therefore, cannot be produced despite the Court stating that these documents should be produced, the Certifying Attorney must provide a privilege log identifying: (a) the date of the communication or work-product; (b) the individuals identified or otherwise listed on the document or thing; (c) the subject-matter of the document or things; and (d) the basis for the

asserted claim of privilege or work product.  Any privilege log must be provided to plaintiff no later than April 27, 2017.

**IT IS SO ORDERED.**

DATED:  April 21, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATION
## (DOCUMENTS AND THINGS PRODUCED)

I, _____, declare:

1. I have read this Court's Orders and Minutes of Proceedings (ECF Nos. 177, 221, 268).

2. In accordance with the Orders, I have diligently searched for all records, including but not limited to documents and things, billing records and invoices, email and other electronically-stored information ("ESI") in my or my law firm's possession, custody, or control involving "the provision of legal services related to the development, acquisition, registration, ownership, protection, licensing, and assignment of intellectual property rights for the LLC and INC., without regard to whether attorney-client communications occurred during the pendency of David Semas's bankruptcy proceedings" and "even if counsel contend [the documents] are protected by the attorney-client privilege or work product doctrine."

3. I am producing to counsel for Plaintiff CHEMEON Surface Technology, LLC, Tamara Reid, Esq., Holland & Hart, LLP, 5441 Kietzke Lane, 2nd Floor, Reno, Nevada 89511, the documents and things and any ESI that fall within the scope of the defined subject matter waiver from April 1, 2013 to June 3, 2015. I am producing all ESI in native file format and without removing any metadata contained in the native files.

4. I produced these documents, things, and ESI as well as a true and accurate copy of this Certification to CHEMEON, via counsel, Tamara Reid, Esq., at Holland & Hart, LLP, on or before April 27, 2017.

5. I swear under penalty of perjury under the laws of the United States and the State of Nevada that the foregoing assertions are true and correct.

Executed at (City, State) _____ on (Date) _____ 2017.

_____

- EXHIBIT A -

# CERTIFICATION
## (NO DOCUMENTS LOCATED)

I, _____, declare:

1. I have read this Court's Orders and Minutes of Proceedings (ECF Nos. 177, 221, 268).

2. In accordance with the Orders, I have diligently searched for all records, including but not limited to documents and things, billing records and invoices, email and other electronically-stored information ("ESI") in my or my law firm's possession, custody, or control involving "the provision of legal services related to the development, acquisition, registration, ownership, protection, licensing, and assignment of intellectual property rights for the LLC and INC., without regard to whether attorney-client communications occurred during the pendency of David Semas's bankruptcy proceedings" and "even if counsel contend [the documents] are protected by the attorney-client privilege or work product doctrine."

3. I did not locate any documents, things, or ESI within the scope of the subject matter waiver, and therefore have nothing to produce to CHEMEON Surface Technology, LLC.

4. I swear under penalty of perjury under the laws of the United States and the State of Nevada that the foregoing assertions are true and correct.

Executed at (City, State) _____ on (Date) _____ 2017.

_____

- EXHIBIT A -