UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHEMEON SURFACE TECHNOLOGY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> METALAST INTERNATIONAL, INC., et al., <br><br> Defendants. <br> _____ <br> AND RELATED CLAIMS. | Case No. 3:15-CV-0294-MMD-VPC <br><br> **ORDER** |

Before the court is plaintiff Chemeon Surface Technology, LLC's ("Chemeon") motion for sanctions, or in the alternative to compel (ECF No. 243, 244), regarding defendants Metalast International, Inc., Metalast, Inc., Sierra Dorado, Inc., David M. Semas, Greg D. Semas, and Wendi Semas-Fauria's (collectively, "Metalast") non-compliance with this court's September 15, 2016 and February 28, 2017 orders. Metalast opposed (ECF Nos. 252, 253) and Chemeon replied (ECF Nos. 260, 261). For the reasons stated below, Chemeon's motion for sanctions (ECF No. 243) is granted.

### I.  FINDINGS OF FACT

The basis for the motion for sanctions presently before the court relates to Metalast's failure to produce documents related to Chemeon's request for production number 24. The court begins by recapping the relevant background and procedural history.

**A.  Request for Production**

1. On August 26, 2016, Chemeon served a request for production of documents, and defendants objected that the requested documents were subject to the attorney-client privilege. (ECF Nos. 244-1, 244-2.) At issue here is Chemeon's request for production

number 24, which is worded as follows:

> Please produce any and all attorney-client communications and attorney work product involving legal services associated with [Metalast International, Inc.] MII's or [Metalast International, LLC] MILLC's development, acquisition, registration, ownership, protection, licensing, and assignment of intellectual property rights from April 1, 2013 through June 3, 2015. For the avoidance of doubt, this request extends to, but is not limited to, documents associated with the following attorneys and law firms: Garrett Sutton, Stephen Harris, Michael Rowe, Lara Pearson, Michael Hoy, and any other attorney that has represented MI, MII, MILLC, Sierra Dorado, David Semas, Greg Semas, or Wendi Semas-Fauria, as well as any law firm with which any of the aforementioned attorneys have been employed or associated.

(ECF No. 244-1 at 5.)

**B.     Chemeon's First Motion to Compel and this Court's September 15, 2016 Order**

2. On July 13, 2016, Chemeon filed a motion to compel the production of documents from Metalast. (ECF Nos. 151, 152, 153.) Specifically, Chemeon sought discovery from Metalast and Ian Burns ("Burns") relating to Burn's activities on behalf of MILLC and MII, that was being withheld on the basis of attorney-client privilege and attorney work product. (*Id.* at 8, 17-19.) Chemeon argued that any privilege or work product objections had been waived because when Chemeon acquired MILLC out of receivership, it acquired all MII/MILLC legal files, including legal documents involving Burns's legal work and communications, and that there were never any objections made as to Chemeon's possession of the allegedly privileged documents. (*Id.*) Chemeon argued that this constituted a subject matter waiver as to "the provision of legal services related to the development, acquisition, registration, ownership, protection, licensing, and assignment of intellectual property rights for MILLC and MII." (*Id.*) Based on this, Chemeon requested that the court overrule the attorney-client privilege or attorney work product objections and grant its motion to compel production of information related to the subject matter waiver. (*Id.* at 26-27.)

3. On August 5, 2016, Metalast filed its countermotion for protective order and response to Chemeon's motion to compel. (ECF Nos. 156, 157, 158). Metalast argued that (1) the motion to compel was not served on Burns, (2) the motion contained no Rule 37(a) certification, (3) the requested documents had no bearing on any viable claim, and (4) because Chemeon was already in possession of the requested documents, the court should enter a protective order as to two requests for production. (ECF No. 156 at 5-11.)

4. On August 10, 2016, Chemeon filed its reply to Metalast's response to the motion to compel and its opposition to the counter motion for protective order. (ECF Nos. 163, 164.) Chemeon again requested that the court find that a subject matter waiver had occurred. (ECF No 164 at 3.) Chemeon also notified the court that on August 8, 2016, Metalast served supplemental responses that withdrew all attorney-client privilege objections to two requests for production. (*Id.* at 1.)

5. On August 10, 2016, Metalast filed its reply to Chemeon's response to the counter motion for protective order. (ECF No. 165.) Metalast stated that because Chemeon disclosed that it already possessed copies of some communications between Burns and MII, Metalast waived its attorney-client privilege objection. (ECF No. 165 at 2.)

6. At the August 11, 2016 case management conference, this court granted in part and denied in part, Chemeon's motion to compel. (*See* ECF No. 166.) Specifically, this court ordered Metalast to supplement its responses to indicate whether it had any documents responsive to the requests for production of documents in its possession.

7. On September 15, 2016, this court issued a written order regarding Chemeon's motion to compel (ECF No. 151) and found:

> [D]efendants' voluntary disclosure of the attorney-client communication constitutes a waiver of the privilege "as to all other such communications on the same subject." [*Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981).] By "the same subject," the court finds this includes the provision of legal services related to the development, acquisition, registration, ownership,

> protection, licensing, and assignment of intellectual property rights for the LLC and the INC.

(ECF No. 177 at 5.)[1] The court also made a specific finding related to thirty-four documents that were submitted *in camera*. (*See id.*) To summarize, the September 15th order found that the subject matter waiver had occurred and that the thirty-four documents were to be released, as they related to the universe of documents included in the subject matter waiver. (*Id.*)

**C.   Chemeon's Second Motion to Compel and this Court's February 28, 2017 Order**

8. On October 6, 2016, Chemeon filed a second motion to compel full compliance with this court's September 15, 2016 order. (ECF Nos. 184, 185). Chemeon argued that while Metalast disclosed the thirty-four emails at issue in the September 15th order, it was not in compliance with the court's order as it pertained to the subject matter waiver. (ECF No. 184 at 2.) Specifically, Chemeon alleged that during the deposition of David Semas, counsel instructed him to not answer questions that fell within the scope of the subject matter waiver. (*Id.*)

9. On October 17, 2016, parties appeared before the court for a case management conference. (ECF No. 191.) There was no discussion of the motion to compel, subject matter waiver, or September 15th order during the hearing. (*See id.*)

10. On October 20, 2016, the parties filed a joint stipulation for extension of time to respond to Chemeon's motion to compel. (ECF No. 193.) The court granted the parties stipulation and required responses by November 11, 2016. (*See* ECF No. 196). On November 3, 2016, the parties filed a second request for extension of time (ECF No. 200), which the court granted (ECF No. 201). On January 6, 2017, the parties participated in a settlement conference, but did not settle. (*See* ECF No. 205.) Following the settlement conference, the parties filed another stipulation for extension of time to respond to the motion to compel (ECF No. 208), which the court granted

---

[1] The court notes that the language of this order is nearly identical to that of request for production 24.

- 4 -

(ECF No. 213).

11. On January 31, 3017, Metalast filed its response to Chemeon's second motion to compel. (ECF Nos. 214, 215.) Metalast argued that it was in full compliance with the September 15th order as it immediately turned over the thirty-four emails. (ECF No. 215 at 13.) Metalast further argued that "The Order does not compel disclosure of any discussions between Semas and Burns [and] the Order only rules that specific emails must be disclosed." (*Id.* at 5, 13.)

12. On February 7, 2017, Chemeon filed its reply to Metalast's response to the motion to compel. (ECF No. 219.) Chemeon argued that Metalast's opposition "seriously mischaracterize[d]" the September 15th order. (*Id.* at 2.) Chemeon recounted this court's ruling that:

> [D]efendants' voluntary disclosure of the attorney-client communication constitutes a waiver of the privilege "as to all other such communications on the same subject." [*Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981).] By "the same subject," the court finds this includes the provision of legal services related to the development, acquisition, registration, ownership, protection, licensing, and assignment of intellectual property rights for the LLC and the INC.

(ECF Nos. 177 at 5; 219 at 2.) Chemeon asserted that this court's determination that a subject matter waiver occurred is "law of the case and applies prospectively throughout this proceeding." (ECF No. 219 at 2.)

13. On February 28, 2017, the court issued its order regarding Chemeon's second motion to compel. (ECF No. 221.) This court granted Chemeon's motion to compel and ordered:

> David Semas and any other witness testifying in this case [] to answer all questions that fall within the scope of the subject matter waiver as clearly stated in this court's September 15, 2016 order, which specifically includes any provision of legal services related to the development, acquisition, registration, ownership, protection, licensing, and assignment of intellectual property rights for Metalast, LLC and Metalast, Inc., without regard to whether attorney-

client communications occurred during the pendency of David Semas's bankruptcy proceedings.

(*Id.* at 2.) This court further stated that Metalast's failure or refusal to comply with the February 28th order or September 15th order shall subject Metalast and its counsel to sanctions pursuant to Fed.R.Civ.P. 37. (*Id.*)

14. Metalast did not file a motion for reconsideration, motion for clarification, or an objection to this court's September 15, 2016 or February 28, 2017 orders. Upon examination of all case management reports filed by Metalast from September 21, 2016 to date, no such objections to this court's September 15, 2016 or February 28, 2016 orders can be found. (*See* ECF Nos. 180, 189.) Further, it was not until the April 11, 2017 hearing on the present motion for sanctions, that Metalast advised the court of its disagreement regarding the court's ruling on the subject matter waiver. (ECF Nos. 268, 282.)

## II. CONCLUSIONS OF LAW

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides for sanctions for a party's failure to comply with a discovery order, and sanctions may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for the purpose of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The court is not limited to imposing the sanctions enumerated Rule 37(b)(2)(A) and may make any order that is "just." *Valley Engineers, Inc. v. Electric Engineering Co.,* 158 F.3d 1051, 1056 (9th Cir. 1998) (justice is the central factor in a sanctions order under Rule 37(b)). Instead of or in addition to the potential sanctions listed above, "the court must order the disobedient party,

the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [to obey the court's order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C). In deciding whether to grant sanctions, the court may "properly consider all of a party's discovery misconduct ..., including conduct which has been the subject of earlier sanctions." *Payne v. Exxon Corp.,* 121 F.3d 503, 508 (9th Cir. 1997).

Chemeon now moves for sanctions or a further order compelling production of documents falling within the subject matter waiver. (ECF No. 243 at 2.) Chemeon claims that despite this court's two prior orders, Metalast still refuses to produce documents on the ground that this court's prior rulings were "misguided." (*Id.*; ECF No. 244-8 at 3.) Specifically, Metalast objected to RFP 24 by stating:

> Objection: Attorney-client privilege. By its terms, the request seeks production of privileged attorney-client communications and attorney work product. Without waiving the privilege or any objections based on the privilege, and only upon compulsion by a misguided order, defendants David M. Semas, Metalast International, Inc., Metalast Inc., and Sierra Dorado, Inc. have produced emails to and from litigation counsel…

(*Id.*)

Chemeon requests the following sanctions: (1) an adverse inference instruction relating to the withheld evidence; (2) alternatively, that Metalast immediately disclose all documents related to RFP 24; and (3) an award of attorney's fees and costs to Chemeon for bringing the motion for sanctions (ECF No. 243). On April 11, 2017, this court held a hearing relating to the motion for sanctions. (*See* ECF No. 268.) As to the motion to compel portion, this court ordered that every lawyer listed in Exhibit 25, plus Mr. Hoy and Burns, certify to the court that they produced every document that relate to the subject matter waiver, including invoices (*See id.*; ECF No. 282 at 40-41.) Accordingly, because the requested documents will be produced, an adverse inference instruction is not necessary. However, the court finds that the record in this case supports sanctions. The case is now at a standstill because Metalast has consistently disregarded this court's orders. Therefore, a payment of costs and attorney's fees for bringing the present motion is

warranted.  *See* Fed.R.Civ.P. 37(b)(2)(C).

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that Chemeon's motion for sanctions (ECF No. 243) is **GRANTED**.

**IT IS FURTHER ORDERED** that Chemeon is awarded its attorney's fees and costs for the expenses incurred in having to bring this motion.

**IT IS FURTHER ORDERED** that Chemeon shall file a statement of attorney's fees and costs pursuant to LR 54-14 within fourteen days from the date of this Order.  Metalast shall have leave to respond within ten days from receipt of Chemeon's statement of attorney's fees and costs.

**IT IS SO ORDERED.**

**DATED**:  April 24, 2017.

_____
UNITED STATES MAGISTRATE JUDGE