FILED _____ RECEIVED
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

JUN 0 5 2017

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHEMEON SURFACE TECHNOLOGY, LLC,

Plaintiff,

v.

METALAST INTERNATIONAL, INC., et al.,

Defendants.

3:15-cv-00294-MMD-VPC

**ORDER**

On April 24, 2017, this court considered plaintiff's motion for sanctions (ECF No. 284) against defendants. The court granted the motion and the request for an award of attorney's fees and costs as a sanction, and directed defendants' counsel to submit a memorandum of attorney's fees and costs. (*Id.*) The court indicated that it would determine the amount of sanctions to be ordered under a separate order.

Plaintiff's counsel, Robert C. Ryan ("Ryan"), filed an itemized billing in support of defendants' motion for sanctions, supported by his declaration (*See* ECF Nos. 290, 291). The court now considers plaintiff's report of fees and costs related to plaintiff's motion for sanctions.

**I. DISCUSSION**

Plaintiff is the prevailing party to the extent that the court determined that sanctions were warranted against defendants for their failure to comply with a discovery order. The court concluded that an award of attorney's fees and costs was proper under the circumstances, and it must now calculate a reasonable fee award.

Calculation of reasonable attorney's fees is a two-step process. First, the court computes the "lodestar" figure, which requires the court to multiply the reasonable hourly rate by the number of hours reasonably expended on the litigation. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citation omitted). Second, the court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial

-1-

calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

**A.    *Step One***

    **1.    Reasonable Hourly Rate**

"The 'prevailing market rates in the relevant legal community' set the reasonable hourly rate for purposes of computing the lodestar amount." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). "Within this geographic community, the district court should 'take into consideration the experience, skill, and reputation of the attorney or paralegal.'" *Id.* (internal quotation marks omitted). It is customary for attorneys to bill an hourly rate for legal services provided, and Mr. Ryan attests that his hourly rate is $550, and that the following attorneys, Mr. Lukas, Mr. Donahey, Mr. Hadley, and Ms. Reid, charge hourly rates of $515, $435, $345, and $330, respectively. Mr. Ryan further attests that his paralegal, Ms. Arnold, charges an hourly rate of $195.

Plaintiff assert that these hourly rates are reasonable considering the skill, experience, and reputation of the attorneys assigned to this case. Defendants dispute the reasonableness of each of the hourly rates, specifically arguing that they are "hardly reflective of the local market for litigation attorneys." (ECF No. 302 at 5.) The court agrees. While defendants' attorney, Mr. Hoy, declares that his maximum hourly billing rate is $350, he does not provide the court with what he believes to be a reasonable hourly rate. The court therefore surveys recent orders awarding attorney's fees and finds that the following are reasonable hourly rates: $375 for a partner; $250 for an associate; and $125 for a paralegal. *See U.S. Bank, N.A. v. Recovery Services Northwest, Inc.*, 2:13-cv-01254, 2017 WL 901721 at *1 (D. Nev. March 7, 2017) (granting fees at $125 per hour for a paralegal); *Dentino v. Moiharwin Diversified Corp.*, No. 2:16-cv-904, 2017 WL 187146 at *2-3 (D. Nev. Jan. 17, 2017) (granting fees at $350 per hour for a partner, $225 for an associate, and $125 for a paralegal); *Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, 2:08-cv-00105, 2017 WL 44942 at *2 (D. Nev. Jan. 4, 2017) (granting fees at $325 per hour for a partner and $250 for an associate); *Roadhouse v. Patenaude & Felix, A.P.C.*, 2:13-cv-560, 2016 WL 5791544 at *4-5 (D. Nev. Sept. 30, 2016) (granting fees at

$375 per hour for a partner); *Marrocco v. Hill*, 291 F.R.D 586, 589 (D. Nev. 2013) (finding the reasonable hourly rate in the Nevada community to be $375-$400 for partner with over thirty-five years of experience).

### 2. Hours Reasonably Expended

The court next considers the hours expended on the tasks outlined in Mr. Ryan's declaration. The party seeking an award of fees must submit evidence supporting the hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* The court should exclude from the initial fee calculation hours that are not reasonably expended. *Id.* at 433-34. The court may exclude hours that are not reasonable due to overstaffing, duplication of effort, excessiveness, and otherwise unnecessary to the issue. *Id.* at 434. In other words, the court has discretion to "trim fat" from, or otherwise reduce, the number of hours claimed to have been spent on the case. *Edwards v. Nat'l Business Factors, Inc.*, 897 F.Supp 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).

Mr. Ryan provides the dates that the attorneys and paralegal provided legal services in connection with the motion to compel and for sanctions, a summary of work performed for each entry, and the time spent on each task. (ECF No. 291-1.) Defendants object to the amount of time billed stating it "is beyond absurd." (ECF No. 302 at 1.) Defendants point out six specific examples of billing entries it considers to be "absurd." (*Id.* at 1-4.)

Plaintiff's reported 76.4 hours of attorney and paralegal labor is excessive in relation to the discovery dispute underlying the award. Many of the entries are duplicative, excessive, appear to be the result of overstaffing, and are generally unnecessary. *See Hensley*, 461 U.S. at 434. Examples of unreasonable time sought include, but are not limited to: Mr. Ryan billing 11.4 hours for what appears to be mostly management related to the motion to compel; Mr. Donahey billing 31.8 hours for the drafting of the initial motion for sanctions; Mr. Hadley billing 9.2 hours to prepare for and attend the motions hearing (that was just over an hour long (*See* ECF No. 268)); and Mr. Hadley billing 9.4 hours to prepare a draft order regarding document production. (*See* ECF No. 291-1.)

Further, much of the time billed is duplicative of effort and represents, in the court's view, an overstaffing of the case. For example, on March 27, 2017, Mr. Donahey, Mr. Hadley, Ms. Reid, and Mr. Ryan all billed for time spent editing the motion for sanctions, for a total of 4.4 hours billed.

Based on the court's experience, and in light of the fact that the number of hours billed is excessive on its face, the court will reduce the number of hours from 76.4 to 38.2, representing a deduction by half, which the court finds reasonable in this case. The court will additionally deduct from the total, the five percent discount provided for in plaintiff's calculations.

Based on this court's determination of reasonable hourly rates and hours reasonably expended, the following fee computation applies:

| | | | | | | |
|---|---|---|---|---|---|---|
| 1. | Attorney Robert Ryan | 5.7 hrs | x | $375/hr | = | $2,137.50 |
| 2. | Attorney Timothy Lukas | 0.1 hrs | x | $375/hr | = | $37.50 |
| 3. | Attorney Teague Donahey | 17.35 hrs | x | $375/hr | = | $6,506.25 |
| 4. | Attorney Christopher Hadley | 11.4 hrs | x | $250/hr | = | $2,850.00 |
| 5. | Attorney Tamara Reid | 2 hrs | x | $250/hr | = | $500.00 |
| 6. | Paralegal Cyndy Arnold | 1.65 hrs | x | $125/hr | = | $206.25 |
| | | | | Total: | | $12,237.50 |
| | | | | Total with 5% discount: | | **$11,625.62** |

**B.** *Step Two*

Having considered the hourly rate and the legal services itemized in Mr. Ryan's declaration, the court must decide whether to increase or reduce the lodestar amount based upon the *Kerr* factors not already included in the initial lodestar calculation. *Fischer*, 214 F.3d 1115, 1119. The *Kerr* factors are: (1) the time and labor required, (2) the novelty and the difficulty of the questions involved, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the

-4-

"undesirability" of the case, (11) the nature and length of the professional relationship with the client, and, (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 525 F.2d 67, 70 (9th Cir. 1975). The *Kerr* factors are also incorporated into Local Rule 54-14. The court has considered all of the relevant factors and finds that no other *Kerr* factors warrant enhancement or reduction of the fees. Therefore, based on the discussed above, plaintiff is entitled to recover $11,625.62.

Finally, as to costs, plaintiff requests $1,107.58 in costs associated with Mr. Hadley's travel to the hearing on motion for sanctions. (ECF No. 291-2.) While defendants do not object to an award of travel costs, costs for attorney travel are ordinarily not allowed and will not be allowed in this case. *See* LR 54-11(k).

## II. CONCLUSION

**IT IS SO ORDERED** that plaintiff is awarded the sum of $11,625.62 in attorney's fees, payable to plaintiff's counsel within sixty days of the date of this order.

**IT IS SO ORDERED.**

DATED: June 5, 2017

_____
UNITED STATES MAGISTRATE JUDGE