UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHEMEON SURFACE TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>METALAST INTERNATIONAL, INC. *et al.*,<br><br>Defendants. | Case No. 3:15-cv-00294-MMD-VPC<br><br>ORDER |
| AND RELATED CLAIMS | |

Before the Court is Plaintiff/Counter Defendant Chemeon Surface Technology, LLC's ("Chemeon") Motion for Leave to File Second Amended Complaint ("Motion"). (ECF No. 242.) Chemeon seeks leave to amend to assert two claims and add allegations based on information obtained through discovery in September 2016 relating to David M. Semas' trademark registration renewal filed with the United States Patent and Trademark Office ("USPTO") in July 2015. (*Id.* at 4-5.) Defendants/ Counterclaimants have opposed (ECF No 255) and Chemeon has replied (ECF No. 264).

Once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court, which may deny leave to amend due to 'undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). However, "[u]ndue delay by itself is insufficient to justify denying leave to amend." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712–13 (9th Cir. 2001)).

Defendants argue that amendment would result in undue prejudice to them because while Chemeon represents that it will not request additional discovery, Defendants "certainly need discovery to find exculpatory evidence." (ECF No. 255 at 7.) However, Defendants do not identify what additional discovery they would need. Nor do they clarify why they would need discovery when information relating to Semas' trademark registration renewal would presumably be in Semas' possession, eliminating the need for further discovery.

The Court agrees with Chemeon that leave to amend should be granted under the circumstances here where the claims asserted should reflect the information obtained through discovery and where Defendants are not unduly prejudice by virtue of the Court granting amendment. The Court will therefore grant Chemeon leave to amend.

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Chemeon's Motion for Leave to File Second Amended Complaint (ECF No. 242) is granted.

///

///

///

It is further ordered that the parties file a status report within ten (10) days to update the Court on whether amendment will affect the arguments presented in Chemeon's pending motion for summary judgment (ECF No. 315).

DATED THIS 25th day of October 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE