UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHEMEON SURFACE TECHNOLOGY, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>METALAST INTERNATIONAL, INC., a Nevada corporation; METALAST, INC., a Nevada corporation; SIERRA DORADO, INC., a Nevada corporation; DAVID M. SEMAS, an individual; GREG D. SEMAS, an individual; and WENDI SEMAS-FAURIA, an individual,<br><br>Defendants. | Case No. 3:15-cv-00294-MMD-VPC<br><br>ORDER |

**I.  SUMMARY**

Before the Court is Plaintiff Chemeon Surface Technology's ("Chemeon") Motion for Reconsideration of the Summary Judgment Order ("Motion") (ECF No. 412). The Court has reviewed Defendants David Semas and Greg Semas's opposition (ECF No. 413) and Plaintiff's reply (ECF No. 417). For the reasons discussed below, the Motion is granted in part and denied in part.

**II.  RELEVANT BACKGROUND**

On March 16, 2018, this Court heard oral argument on pending cross-motions for summary judgment in this case. (ECF Nos. 367, 368.)  The Court ruled orally at the hearing on three of the pending motions ("Oral Ruling"). Specifically, the Court denied Plaintiff's motion for summary judgment on its third claim for relief (declaratory judgment

of no trademark infringement) and on three of David Semas and Metalast International, Inc.'s counterclaims (ECF No. 227); granted Wendi Semas's motion for summary judgment (ECF No. 309), thereby terminating her from the case; and granted Greg Semas's motion for summary judgment (ECF No. 311), thereby terminating him from the case as well. On March 30, 2018, this Court issued a written order resolving the three other pending motions for summary judgment. (ECF No. 398.) It issued an amended order on April 18, 2018 ("Summary Judgment Order").[1] (ECF No. 411.) At issue in the Motion are the Oral Ruling as to Chemeon's and Greg Semas's ("Greg") motions for summary judgment as well as the Court's finding in the Summary Judgment Order regarding the release portion of the Settlement Agreement.[2]

Plaintiff failed to identify whether it is moving for reconsideration under Federal Rule of Civil Procedure 59(e) or 60(b). However, Plaintiff argues that this Court committed clear error when ruling orally on the two motions and when determining the release date of the Settlement Agreement in the Summary Judgment Order. (*See, e.g.*, ECF No. 412 at 2.) Therefore, the Court construes the Motion as one for relief under Rule 59(e).

## III. LEGAL STANDARD

Rule 59(e) permits a district court to reconsider and amend a previous order. *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nevertheless, a court should generally leave a previous decision undisturbed absent a showing of clear error or manifest injustice. *Abada v. Charles Schwab & Co., Inc.*, 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2000). "[A] motion for reconsideration should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts

---

[1] The Court amended its order to correct a misstatement of law. (*See* ECF No. 411 at 1 n.1.)

[2] Factual details regarding the Settlement Agreement may be found in the Court's amended order. (*See* ECF No. 411 at 2-3, 6-9.)

or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Motions for reconsideration are not justified on the basis of new evidence or legal arguments which could have been discovered prior to the court's ruling. *Kona Enter.*, 229 at F.3d 890.

## IV. DISCUSSION

Plaintiff raises two objections to the Oral Ruling and one objection to the Summary Judgment Order in seeking reconsideration. First, Plaintiff argues that the Court committed clear error when it denied summary judgment on Plaintiff's declaratory relief claim of no trademark infringement and Semas's remaining counterclaims "despite [Semas's] failure to meet his burden of presenting evidence of confusion." (ECF No. 412 at 2.) Second, Plaintiff argues that the Court committed clear error when it concluded that the release portion of the Settlement Agreement was not effective until the Bankruptcy Court's approval, which resulted in the granting of summary judgment for David Semas and his related business entities on certain claims. (*Id.*) Finally, Plaintiff argues that the Court committed clear error when it granted summary judgment in favor of Greg on ten claims for relief because Greg Semas had only moved for summary judgment on four claims. (*Id.*)

### 1. Plaintiff's Motion on No Trademark Infringement and David Semas's Counterclaims

Chemeon makes two distinct arguments in support of reconsideration. First, it argues that the Oral Ruling improperly shifted the summary judgment burden by requiring Chemeon to come forth with evidence of "how its use of the wordmark Metalast should or should not be permitted under the Settlement Agreement." (*Id.* at 2-3 (quoting ECF No. 409 at 58).) Second, it argues that the prior dismissal with prejudice of Semas's trademark infringement claim constituted an adjudication on the merits and required this Court to grant summary judgment in favor of Chemeon on its claim for declaratory relief of no trademark infringement. (ECF No. 412 at 4-5.) The Court disagrees as to Chemeon's first argument but agrees as to its second argument.

3

In the Court's prior order denying summary judgment on Semas's breach of contract claim ("Wordmark Order"), the Court found that the Settlement Agreement did not impose an absolute ban on Chemeon's use of the *name* Metalast despite the wording of the Settlement Agreement. (ECF No. 233 at 5-6 (relying on *Kassbaum v. Steppenwolf Prods., Inc.*, 236 F.3d 487 (9th Cir. 2000)).) Specifically, the Court found that while the Settlement Agreement states that Chemeon is absolutely prohibited from using the "*name* Metalast in any fashion or manner whatsoever*"* after June 10, 2015, such a literal interpretation of the provision of the Settlement Agreement would lead to an absurd result. (*See* ECF No. 233 at 3, 5.) The Court also declined to identify the specific contexts in which Chemeon's use of "Metalast" in the marketplace would be permissible under the Settlement Agreement.

In its motion for summary judgment, Plaintiff merely argued that the Settlement Agreement should not be interpreted to constitute an absolute prohibition on the use of the wordmark, providing examples[3] of ways in which it contends it has used "Metalast" in a descriptive or historical way that has not caused any confusion. (*See* ECF No. 227 at 17-21.) The Court clearly resolved this issue in the Wordmark Order by finding that the Settlement Agreement does not create an absolute prohibition on Chemeon's use of the word "Metalast." (*See* ECF No. 233 at 4-6.)

To the extent Chemeon now argues that the burden should have been on Semas in responding to its motion for summary judgment to demonstrate that Chemeon breached the Settlement Agreement by causing consumer confusion (*see* ECF No. 412 at 3), this misinterprets the Wordmark Order.[4] That order found that interpreting the prohibition on Chemeon's use of the word "Metalast" past the 90 days by the literal

---

[3]For instance, Chemeon argues that its use of the term "formerly Metalast" does not breach the terms of the Settlement Agreement because it is providing historical information and is not causing consumer confusion. (ECF No. 227 at 12-16.)

[4]Moreover, this argument misinterprets Chemeon's own motion for summary judgment, which argued only for a specific meaning of the Settlement Agreement and did not explain how the Court's ruling in favor of that interpretation would actually affect Semas's counterclaim.

4

meaning of the words—i.e., as an absolute ban—would lead to results inconsistent with Ninth Circuit precedent. (*See* ECF No. 233 at 3-4.) Thus, functionally the order identified an affirmative defense available to Chemeon—specifically, the defense that despite its use of the word "Metalast" in the marketplace, such use does not cause confusion because it is accurate and/or historical and thus such use does not amount to a breach of the Settlement Agreement. Chemeon failed to meet its burden in moving for summary judgment because it failed to demonstrate that no genuine dispute of material fact exists as to whether the uses it identified in its motion for summary judgment had caused any confusion in the marketplace or whether the uses identified were exhaustive. Reconsideration is therefore denied as to Semas's counterclaims.

However, the Court agrees that because Semas's counterclaim for trademark infringement was dismissed with prejudice pursuant to the parties' stipulation (*see* ECF No. 199), Chemeon's claim for declaratory relief of no trademark infringement should have been granted. (*See* ECF No. 412 at 4-5 (citing *Semtek Int'l Inc. v. Lockeed Martin Corp.*, 531 U.S. 497, 505 (2001)).[5] Therefore, reconsideration is granted as to this issue.

### 2. Release Date of the Settlement Agreement

Plaintiff also seeks reconsideration of the Court's ruling that the release date was the day Judge Beesley approved the Settlement Agreement (March 11, 2015) (ECF No. 411 at 6-7). (ECF No. 412 at 5-7.) Plaintiff relies on a Ninth Circuit case, *Collins v. Thompson*, 679 F.2d 168, 172 (9th Cir. 1982), to argue that approval of the Settlement Agreement was a condition subsequent, not a condition precedent, to the "legality of the formation of the agreement between the parties." (ECF No. 412 at 5-6.) It also relies on that case to argue that this Court's construction of the release date was inequitable,

---

[5]Dismissal with prejudice of the trademark infringement counterclaim does not affect Semas's counterclaim for breach of the Settlement Agreement, as the standard of whether Chemeon's use of the word "Metalast" in the marketplace causes any confusion is not the same standard utilized in trademark infringement cases. Rather, the Wordmark Order focused on how Chemeon's use of the word may not constitute a breach precisely because the word is being used descriptively, for instance to describe Chemeon's historical relationship with Metalast International, Inc. (*See* ECF No. 233 at 4-5.)

absurd, and against the public policy in favor of settlements. (Id. at 7.) The Court disagrees.

First, Chemeon ignores pertinent language from the January 27, 2015 hearing wherein Judge Zive stated that the Meilings release "any claims whatsoever from the beginning of time until the settlement agreement is *approved*." (ECF No. 314-14 at 13 (emphasis added).) The Summary Judgement Order found that this language was unambiguous—even if the Settlement Agreement was effective January 27, 2015, Judge Zive's wording was unequivocal that the release of claims pertained to any conduct occurring from the date of the hearing to approval of the Settlement Agreement. (ECF No. 411 at 6.)

Second, Chemeon relies on a 1982 Ninth Circuit case. This case was clearly available at the time that briefing on the parties' summary judgment motions occurred yet was not utilized in Chemeon's previous briefs. (*See* ECF No. 413 at 5.) A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The Court therefore need not consider *Collins*.

Third, to the extent this Court considers *Collins*, the pertinent issue there was contract formation. (*See* ECF No. 413 at 6 (citing *Collins*, 679 F.2d at 172).) Here, the parties' dispute ensues from interpretation of a contract term which required approval from the Bankruptcy Court—specifically, whether the contract term regarding release set the January 27 hearing date as the relevant date or whether the term set the approval of the Settlement Agreement as such date.

The Court therefore denies reconsideration as to this issue.

### 3. Greg Semas's Motion for Summary Judgment

Plaintiff argues that the Court committed clear error when it sua sponte granted summary judgment in favor of Greg on all claims in the Second Amended Complaint ("SAC") because Greg did not move for summary judgment on all claims against him and because this Court did not permit oral argument from Chemeon on Greg's motion when

issuing the defense summary judgment. (*See* ECF No. 412 at 8-9.) The Court agrees and grants reconsideration only as to the claims in the SAC for which Greg failed to move for summary judgment, including: (1) breach of fiduciary duty; (2) breach of operating agreement; (3) contractual breach of implied covenant of good faith and fair dealing; (4) tortious breach of implied covenant of good faith and fair dealing; (5) unjust enrichment; and (6) civil conspiracy.[6]

Greg's motion for summary judgment was fully briefed before Chemeon filed the SAC. In the SAC, Chemeon clarified which claims it was actually bringing against Greg, as the First Amended Complaint ("FAC") did not identify which claims applied to which defendants. Based on his reading of the FAC, Greg moved for summary judgment on four claims—specifically misappropriation of trade secrets, copyright infringement, intentional interference with prospective economic advantage, and unfair competition—indicating that "[i]f Chemeon is pursuing other claims against [him], then this [motion] should be considered a motion for partial summary judgment only on these claims." (ECF No. 311 at 2.) In response, Chemeon identified the other claims in the FAC brought against Greg and went on to explain the legal theories and factual bases for each claim. Chemeon also moved for summary judgment on two claims against Greg in its own motion, specifically its claims in the FAC for misappropriation of trade secrets and copyright infringement. (*See* ECF No. 315 at 37.) The Court did not reopen the dispositive motions deadline despite the filing of the SAC. (*See* ECF No. 353.)

"District courts unquestionably possess the power to enter summary judgment sua sponte[.]" *Norse v. City of Santa Cruz*, 629 F.3d 966, 972 (9th Cir. 2000). Under Federal Rule of Civil Procedure 56(f), "[a]fter giving notice and a reasonable time to respond, the court may . . . consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3). "Sua sponte

---

[6] The SAC identifies two other claims against Greg which neither party moved for summary judgment on—specifically, common law trademark infringement and conversion (*see* ECF No. 348 at 44, 57). The Court permits the parties to address these claims if either chooses to file a renewed motion for summary judgment.

grants of summary judgment are only appropriate if the losing party has reasonable notice that the sufficiency of his or her claim will be in issue," *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008), and "has had a full and fair opportunity to ventilate the issues involved in the matter," *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) (internal quotation marks and citation omitted). Explicit notice is not required where the issues relied upon by the district court in granting summary judgment sua sponte have been repeatedly raised beforehand, discovery has closed, trial on those same issues was imminent, and a hearing was held on the pertinent issues. *Portsmouth Square, Inc. v. Shareholder Protective Comm.*, 770 F.2d 866, 869-70 (9th Cir. 1985).

The Court finds that several factors weigh in favor of granting reconsideration on those claims in the SAC against Greg other than the four upon which he sought summary judgment. Specifically, the fact that the Court did not provide explicit notice to Chemeon that all claims against Greg may have been granted in his favor and the fact that the Court did not permit oral argument on those claims at the March 16, 2018 hearing. It is therefore not clear that Chemeon had a full and fair opportunity to ventilate the issues involved. Moreover, the SAC clarified two additional claims against Greg, which neither party raised in their briefs. *See supra* n.6.

The Court therefore grants reconsideration and permits Greg and/or Chemeon to file renewed motions for summary judgment on these claims as well as the two others against Greg identified in the SAC.

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion because they do not affect the outcome of Chemeon's motion for reconsideration.

It is therefore ordered that Plaintiff's Motion for Reconsideration (ECF No. 412) is granted in part and denied in part. It is granted as to Plaintiff's declaratory relief claim of

no trademark infringement and its claims against Greg Semas upon which Greg Semas did not clearly move for summary judgment. It is denied as to Semas's counterclaims and the release date in the Settlement Agreement. Accordingly, summary judgment is granted in favor of Plaintiff on its declaratory relief claim of no trademark infringement.

The parties are granted leave to file renewed motions for summary judgment on the remaining claims against Greg Semas. Any such motion must be filed within thirty (30) days of this order. The normal briefing schedule will follow.

DATED THIS 26th day of June 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE