UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHEMEON SURFACE TECHNOLOGY, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>METALAST INTERNATIONAL, INC., a Nevada corporation, *et al.*,<br><br>Defendants. | Case No. 3:15-cv-00294-MMD-CBC<br><br>ORDER |

**I.    SUMMARY**

This dispute stems from the breakup of a business and disagreement over the terms of a subsequent settlement agreement, including who may use which trademarks and branding to advertise similar products. Before the Court is Defendant Greg Semas' renewed motion for summary judgment on Plaintiff Chemeon Surface Technology LLC's remaining claims against him ("Motion").[1] (ECF No. 427.) Plaintiff's motion for leave to file supplemental briefing and related motion to seal are also before the Court, which relate to a larger question the Court also addresses herein—whether Plaintiff has standing to seek cancellation of a Metalast trademark.[2] (ECF Nos. 451, 452.) Primarily because Greg has met his initial burden of showing Plaintiff has no evidence to support each of its remaining claims against him, and Plaintiff has generally failed to proffer any evidence in

---

[1]The Court refers to defendant Greg Semas as Greg for convenience, because multiple members of the Semas family were named as defendants in this case. The Court has reviewed Plaintiff's opposition (ECF Nos. 436, 441), and Greg's reply (ECF No. 449).

[2]The Court also reviewed Defendant and Counter Claimant David Semas's ("David") response (ECF No. 457), and Plaintiff's reply (ECF No. 460). The Court previously requested supplemental brieifing on the standing question (ECF No. 398 at 21), and the parties complied (ECF Nos. 404, 405).

opposition to Greg's Motion—and as further explained below—the Court will grant Greg's Motion. In addition, the Court finds Plaintiff lacks standing to seek cancellation of the Metalast trademark because it does not have its own directly competing mark. And as further discussed below, the Court will deny Plaintiff's motion for leave to file supplemental briefing because Plaintiff has failed to establish the required good cause, and will therefore also deny the related motion to seal as moot.

## II.    RELEVANT BACKGROUND

### A. Greg's Renewed Motion for Summary Judgment

The Court refers to some of its prior orders for this case's factual background. (ECF Nos. 411 at 2-4, 425 at 1-2.) As relevant here, Greg was a member and officer of Metalast International, LLC ("the LLC"), which was governed by a 1994 operating agreement (the "Operating Agreement"). (ECF No. 348 at 3-6, 54-55.) The Court directed Greg to file his Motion after determining on Plaintiff's motion for reconsideration that the Court should not have *sua sponte* granted Greg summary judgment on certain of Plaintiff's claims when the Court ruled orally at a prior hearing. (ECF No. 425 at 8.) At that hearing, the Court granted summary judgment to Greg on all of the claims Plaintiff asserted against him, though he had not moved for summary judgment on all of them. (ECF No. 409 at 58-68.) Greg has now moved for summary judgment on all eight claims asserted against him. (ECF No. 427.) The Court addressed six of those claims—all except for conversion and common law trademark infringement—in its prior oral ruling. (ECF No. 409 at 58-68.)

### B. Plaintiff's Standing to Seek Cancellation of the Metalast Trademark and Motion for Leave to File Additional Brieifing

In another of the Court's earlier orders in this case, the Court directed supplemental briefing on the question of whether Plaintiff has standing to seek cancellation of a Metalast trademark registered to David. (ECF No. 398 at 21, 21-24.) David and Plaintiff filed supplemental briefs. (ECF Nos. 404, 405.) Plaintiff now seeks to supplement its supplemental briefing because David and Metalast International, Inc. (the "Inc.") filed a lawsuit against some of Plaintiff's distributors in the Central District of

| | |
|---|---|
| 1 | California, alleging that those distributors cannot note that their products were "formally |
| 2 | Metalast" without infringing the Metalast trademark at issue here, and other related |
| 3 | trademarks. (ECF No. 451 at 2.) Plaintiff argues that the Court should consider David and |
| 4 | the Inc.'s filing of this lawsuit as additional evidence tending to show that Plaintiff has |
| 5 | standing to seek cancellation of David's Metalast trademark. (*Id.*) |

Plaintiff's related motion to seal (ECF No. 452) seeks to seal an exhibit to Plaintiff's proposed supplemental brief regarding the lawsuit, consisting of a contract between Plaintiff and one of its distributors, which Plaintiff represents contains confidential business information, and shows that Plaintiff is required to indemnify Plaintiff's distributor in David and the Inc.'s Central District of California lawsuit against it. Plaintiff states that a ruling on the motion to seal is only necessary if the Court grants its motion to supplement its supplemental brieifing. (*Id.* at 2 n.1.)

David opposes Plaintiff's request to supplement its supplemental brieifing. (ECF No. 457.) He argues Plaintiff has not shown good cause to further supplement its brieifing because the proposed brief does not address the type of damage required to establish standing to seek cancellation of a trademark, and because it relies on documents not produced in discovery. (ECF No. 457 at 1-2.)

The Court addresses herein the ultimate question of whether Plaintiff has standing to seek cancellation of the Metalast trademark (*infra* Section IV.B), along with the subsidiary questions raised by Plaintiff's motion seeking leave to file supplemental briefing and the related motion to seal (*infra* Sections IV.C and D).

**III.    LEGAL STANDARD**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a

3

judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

///

///

///

4

## IV. DISCUSSION

The Court first addresses below Greg's Motion, then whether Plaintiff has standing to seek cancellation of the Metalast trademark, and then Plaintiff's motion for leave to file a supplement to its supplemental briefing and related motion to seal.

### A. Greg's Motion for Summary Judgment

Greg moved for summary judgment on the eight remaining claims Plaintiff brought against him. (ECF No. 427.) The Court addresses Greg's Motion with respect to each of these eight claims, in turn, below.

#### 1. Breach of Fiduciary Duty

Plaintiff alleges that Greg breached his fiduciary duty to the LLC by: (1) redirecting a trademark registration to the LLC's managing entity, the Inc.; (2) selling his personal shares in the LLC while it reported losses; and (3) filing and accepting excessive expense reimbursements while the LLC was losing money. (ECF No. 441 at 14-15.) Greg argues he is entitled to summary judgment on this claim because Greg never had any accounting role or the power to expend the LLC's funds, and because there is no evidence that Greg ever caused the LLC to spend excessively via his reimbursement requests. (ECF No. 427 at 8.) The Court agrees with Greg.

A breach of fiduciary duty claim requires a plaintiff to show the existence of a fiduciary duty, the breach of that duty, and damages proximately caused by the breach. *See Klein v. Freedoms Strategic Partners, LLC*, 595 F. Supp 2d 1152, 1162 (D. Nev. 2009) (citation omitted). "[A] fiduciary relation exists between two persons when one of them is under a duty to act for the benefit of another upon matters within the scope of the relation*." Stalk v. Mushkin*, 199 P.3d 838, 843 (Nev. 2009) (internal quotation marks and citation omitted). Moreover, fiduciary relationships arise where the parties do not deal on equal terms, and there is special trust and confidence placed in the superior party. *See Hoopes v. Hammargren*, 725 P.2d 238, 242 (Nev. 1986).

Greg is entitled to summary judgment on Plaintiff's breach of fiduciary duty claim because he has met his burden of showing that there are no genuine issues of material fact, and Plaintiff has failed to "set forth specific facts showing that there is a genuine issue for trial" in response. *Anderson*, 477 U.S. at 256.

Plaintiff first argues that Greg violated his fiduciary duty by having the LLC pay for intellectual property on behalf of the Inc. (ECF No. 441 at 15-16.) However, Plaintiff presents no argument as to why the LLC paying for the Inc.'s intellectual property registrations violated a fiduciary duty owed by Greg to the LLC, and presents no evidence that Greg actually caused the LLC to expend funds on intellectual property owned by the Inc. (*Id.*) This lines up with Greg's statement from his declaration that he had no authority to expend the LLC's funds. (ECF No. 312 at 5.) Thus, this argument lacks merit.

Plaintiff next argues that Greg breached his fiduciary duty to the LLC by selling and profiting from from his personal shares in the LLC while the LLC reported losses. (ECF 441 at 15.) However, Greg's last sale of his shares occurred in 2008. (*See id.*) Accordingly, Plaintiff's breach of fiduciary duty claim based on these sales is barred by the applicable three-year statute of limitations. *See In Re: Amerco Derivative Litigation*, 252 P.3d 681, 703 (Nev. 2011) (relying on NRS Section 11.190(3)(d)).

Plaintiff also argues that Greg breached his fiduciary duty to the LLC by excessively spending the LLC's funds for employee travel, marketing, and car allowances. (ECF No. 441 at 15.) Greg says he had no authority over expense reimbursements. (ECF No. 427 at 8 (citing ECF No. 312 at 5).) Plaintiff attempts to contradict this statement by citing a portion of an expert declaration that does not identify Greg's expenditures. (*Compare* ECF No. 441 at 15 (citing ECF No. 316-1 at 8, 12, 20) *with* ECF No. 316-1 at 38-39 (listing the LLC's expenses generally, without attribution to any individuals).) Thus, Plaintiff has no evidence to respond to Greg's declaration that he had no authority over the LLC's expense reimbursements.

Having dispensed with Plaintiff's three arguments as to why Greg breached his fiduciary duty to the LLC, the Court grants summary judgment on Plaintiff's breach of fiduciary duty claim.

**2. Contract Claims**

Plaintiff also brought three contract-based claims against Greg; specifically, breach of the Operating Agreement, and both contractual and tortious breach of the implied covenant of good faith and fair dealing. (ECF No. 348 at 54-57.) These claims appear to be based on Greg's failure, as a member of the LLC, to comply with Section 14.3 of the Operating Agreement, and/or his failure as an officer of the LLC to comply with Section 11.6 of the Operating Agreement. (ECF No. 441 at 16-21.) Greg argues he is entitled to summary judgment on Plaintiff's three contract-based claims because Plaintiff lacks standing to enforce the Operating Agreement. (ECF No. 427 at 8-10.) The Court again agrees with Greg.

Plaintiff was not a party to the LLC's Operating Agreement, or a member of the LLC. *See* NRS § 86.101 (defining "operating agreement" as an agreement between its members). (*See also* ECF No. 310-1 (lacking a provision indicating that the LLC is a member of itself).) Plaintiff is a separate entity whose predecessor purchased the assets of the LLC, and cannot be an intended third-party beneficiary of the Operating Agreement because Plaintiff did not exist at the time the LLC's members entered into the Operating Agreement. (ECF No. 310-1 at 31 (indicating the Operating Agreement is dated December 9, 1994); *see also* ECF No. 348 at 15-21 (indicating that the family that owns Plaintiff began investing in Metalast International in 1999, purchased its assets out of receivership in 2013, and created the Chemeon name in 2015).) Thus, Plaintiff lacks standing to enforce the terms of the Operating Agreement. *See Meritage Homes of Nevada, Inc. v. FNBN-Rescon I, LLC*, 86 F. Supp. 3d 1130, 1143 (D. Nev. 2015), *aff'd*, 690 F. App'x 507 (9th Cir. 2017) ("A breach of contract claim may only be raised by the recipient of the promise, and third-party beneficiaries are only entitled to seek

remuneration if it can be clearly discerned that the contracting parties intended to benefit the third party when the agreement was formed—incidental beneficiaries lack the right to claim relief.").

Plaintiff's lack of standing to enforce the Operating Agreement is similarly fatal to its contractual breach of the implied covenant of good faith and fair dealing claim. As Plaintiff lacks standing to enforce the Operating Agreement, it also lacks standing to enforce any covenenant implied in the Operating Agreement. *See Meritage Homes*, 86 F. Supp. 3d at 1145 (holding that the plaintiff's "claim based on the implied covenant of good faith and fair dealing must also necessarily fail" where the plaintiff had no enforceable rights on which to sue for breach of contract). Further, Plaintiff's claim for the tortious breach of the implied covenant of good faith and fair dealing also fails because—as explained above—there is no fiduciary or other special relationship between Greg and Plaintiff. *See Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 911 (D. Nev. 1993) (finding that "claim for tortious breach of the implied covenant of good faith and fair dealing must fail as a matter of law" where the facts evidenced no special relationship between the parties).

In sum, Greg is entitled to summary judgment on Plaintiff's contract-based claims, including both claims that Greg breached covenants implied in the Operating Agreement.

### 3. Unjust Enrichment

Plaintiff conceded in its opposition to Greg's Motion that it is not seeking monetary damages on its unjust enrichment claim, "as the conduct of Greg Semas seems to have abated at this time." (ECF No. 441 at 21-22.) Thus, Plaintiff appears to have at least partially abandoned this claim.[3] Nonetheless, Plaintiff states it seeks a permanent injuction to prevent Greg from unjustly enriching himself in the future. (*Id.*)

---

[3]Further, Plaintiff's unjust enrichment claim may be time-barred. *See In Re: Amerco Derivative Litigation*, 252 P.3d at 703 ("The statute of limitation for an unjust enrichment claim is four years.") (citation omitted).

8

1  Plaintiff appears to argue that Greg unjustly enriched himself by retaining access
2  to confidential information that belonged to the LLC after he stopped working there. (ECF
3  No. 441 at 21.) But, as Greg argues in his Motion, there is no evidence that Greg ever
4  used Plaintiff's trade secrets, trademarks, logo marks, or copyrights; instead, the
5  undisputed evidence is that he did not. (ECF No. 427 at 16.)  Indeed, Greg highlights that
6  the evidence Plaintiff points to in opposition to his Motion is based upon information and
7  belief, and thus not established fact. (ECF No. 449 at 17; *see also* ECF No. 441 at 21
8  (citing to ECF No. 14, specifically to statements that begin "upon information and belief").)
9  The Court finds that Greg has met his initial summary judgment burden on this claim, and
10 Plaintiff failed to respond with material facts tending to show a trial on this claim would be
11 worthwhile. Thus, to the extent Plaintiff has not fully abandoned its unjust enrichment
12 claim against Greg, the Court will grant summary judgment to Greg on this claim. *See*
13 *Anderson*, 477 U.S. at 256.

**4.  Civil Conspiracy**

15 Plaintiff also seeks to hold Greg liable under a civil conspiracy theory. (ECF No.
16 348 at 58-59.) To establish an actionable civil conspiracy, Plaintiff must show: "A
17 combination of two or more persons, who, by some concerted action, intend to
18 accomplish an unlawful objective for the purpose of harming another, and damage
19 resulting from the act or acts." *Hilton Hotels v. Butch Lewis Productions*, 862 P.2d 1207,
20 1210 (Nev. 1993).

21 Greg argues he is entitled to summary judgment on this claim because, even
22 assuming concerted action, Plaintiff has proffered no evidence of any unlawful objective.
23 (ECF No. 427 at 10-12.) Plaintiff appears to respond that Greg participated in a scheme
24 with David and Wendi Semas-Fauria to divert intellectual property assets that rightfully
25 belonged to Plaintiff from the LLC to a new business that would compete with Plaintiff,
26 causing Plaintiff harm. (ECF No. 441 at 22-25.) Greg replies that Plaintiff proffers no
27 admissiable evidence to support its civil conspiracy claim against Greg in Plaintiff's

opposition. (ECF No. 449 at 18-21.) Because the Court agrees with Greg that Plaintiff has proffered no evidence to support its theory that Greg participated in an unlawful conspiracy that harmed Plaintiff, the Court will also grant Greg summary judgment on this claim. (ECF No. 441 at 22-25 (citing no evidence tending to show Greg's participation in a conspiracy).)

### 5. Conversion

Conversion requires that Greg exert dominion over another's personal property in denial of, or inconsistent with his title or rights therein, or in derogation, exclusion, or defiance of such title or rights. *See Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043, 1048 (Nev. 2000) (citation omitted). There is no evidence that he has done so. Further, Plaintiff does not oppose entry of summary judgment in Greg's favor on this claim. (ECF No. 441 at 30.) Thus, the Court grants Greg summary judgment on Plaintiff's conversion claim.

### 6. Common Law Trademark Infringement

Finally, Plaintiff seeks to hold Greg liable for common law trademark infringement for using the following marks without permission: (1) TCP-HF (and its related marks); (2) AA-200; and (3) the Chemeon logo mark. (ECF No. 348 at 44.) Greg argues he is entitled to summary judgment on this claim because Plaintiff cannot establish it owns the applicable marks, and no evidence supports Plaintiff's claim that Greg is using any of Plaintiff's common law marks, or otherwise selling chemical products in competition with Plaintiff. (ECF No. 247 at 14.) Plaintiff responds that it does own the applicable marks, and that Greg's Motion should be denied because it did not address likelihood of confusion, but then concedes Plaintiff has no evidence to dispute Greg's statement that he is not using any of Plaintiff's trademarks in commerce. (ECF No. 441 at 25-28.) Plaintiff then argues that Greg threatened to infringe its common law trademarks in 2015 by re-posting a press release to his Facebook page in which David said he was going to start a company called Sierra Dorado that was going to sell the "METALAST TCP-HF family

of products as well as high performance specialty chemicals such as the METALAST AA-200 anodizing additive," and because he was cc'd on certain emails David sent in 2015. (*Id.* at 28-30.) Greg replies that he is entitled to summary judgment because Plaintiff presented no evidence that he is—or ever was—using Plaintiff's common law trademarks in commerce. (ECF No. 449 at 21-24.) The Court again agrees with Greg.

"[A] common law infringement claim in Nevada requires the same two core elements as under federal law: (1) creation of a protectable right and (2) likelihood of confusion." *Russell Rd. Food & Beverage, LLC v. Galam*, 180 F. Supp. 3d 724, 744 (D. Nev. 2016) (citation omitted). Naturally, the alleged infringer must actually use a similar or identical mark in commerce to be liable for infringement. *See, e.g. Mayweather v. Wine Bistro*, Case No. 2:13-cv-210-JAD-VCF, 2014 WL 6882300, at *6 (D. Nev. Dec. 4, 2014) (first citing *Caesars World, Inc. v. Milanian*, 247 F.Supp.2d 1171, 1193 (D. Nev. 2003), then citing 15 U.S.C. § 1125(a)).

Plaintiff has proffered no evidence that Greg has actually used any of its purported common law trademarks in commerce. Greg proffered a declaration saying he claims no interest in any of Plaintiff's intellectual property, and that he has not—and does not intend to—compete with Plaintiff. (ECF No. 247 at 6 (citing ECF No. 312).) Plaintiff was unable to point to any evidence Greg was using, or intended to use, any of its common law trademarks in opposition. (ECF No. 241 at 27-30.) Indeed, Plaintiff conceded it has no evidence that Greg is using any of its purported common law trademarks. (*Id.* at 28.)

Plaintiff's purported evidence of infringement—that Greg was cc'd on emails David sent in 2015, and that he re-posted to Facebook a press release that David issued in 2015—even if admissible, does not tend to show that Greg has used any of Plaintiff's common law trademarks in commerce. Further, the Court is unpersuaded by the caselaw Plaintiff cites to support its position that threatened trademark use can give rise to common law trademark infringement liability. (ECF No. 441 at 28-30.) The only threat Plaintiff points to—the 2015 Facebook post—has come and gone, and Greg proffered a

declaration stating he does not intend to compete with Plaintiff going forward. (ECF Nos. 441 at 29, 427 at 2, 312 at 3-5.) Thus, Greg is also entitled to summary judgment on Plaintiff's common law trademark infringement claim.

In sum, the Court grants Greg's summary judgment motion in its entirety.

## B. Whether Plaintiff Has Standing to Seek Cancellation of the Metalast Mark

The Court will dismiss Plaintiff's claim against David seeking cancellation of the Metalast trademark (Registration No. 2963106) (ECF No. 348 at 41-43) because the parties' supplemental briefing (ECF Nos. 404, 405) has clarified that Plaintiff lacks standing to bring it. Specifically, Plaintiff has failed to proffer evidence that it has an "actual commercial or pecuniary interest in [its] own mark," which it must to have standing. *Star-Kist Foods, Inc. v. P.J. Rhodes & Co.*, 735 F.2d 346, 349 (9th Cir. 1984). Said another way, this dispute is really about whether Plaintiff can write "formerly Metalast" on its products and marketing materials, and not—as it would have to be for Plaintiff to have standing—about some mark of Plaintiff's that is so similar to the Metalast mark it causes consumer confusion. Where, as here, the dispute is about whether Plaintiff can use or refer to David's trademark, rather than about competing marks, Plaintiff lacks standing to cancel David's trademark.

The Court refers to the legal standard in its prior order addressing this issue. (ECF No. 398 at 22-23.) In his supplemental brief, David argues, in relevant part, that Plaintiff lacks standing because it "has not offered evidence that *its own mark* in any way is or would be harmed if Semas's Metalast Mark under Reg. No. 2963106 is not cancelled." (ECF No. 404 at 3 (emphasis added, emphasis in original omitted).) The Court finds this argument determinative on the standing question.

Plaintiff attempts to counter that it can still be damaged even without showing damage to its own mark—as is the case here, where Plaintiff cannot—but Plaintiff's argument is unpersuasive. (ECF No. 405 at 2-3.) First, Plaintiff attempts to limit *Star-Kist*, 735 F.2d 346 at 349, "because the cancellation plaintiff in that case only asserted damage

by reason of its mark." (ECF No. 405 at 2.) While that may be true, it is not limiting—in *Star-Kist* and other applicable cases, there must be harmful competition between two marks that gives one party standing to seek to cancel the other's mark. *See Star-Kist*, 735 F.2d 346 at 349-50; *see also Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1229 (9th Cir. 2008) (regarding two Eleanor marks). Second, Plaintiff cites an Eighth Circuit case that actually supports David's argument, not Plaintiff's. *See E. Iowa Plastics, Inc. v. PI, Inc.*, 832 F.3d 899, 903-05, 908 (8th Cir. 2016) (vacting district court's order cancelling trademarks where plaintiff lacked standing to seek trademark cancellation because it had not shown it was damaged by the registration, in part because it had no competing registration of its own). Thus, because Plaintiff cannot show harm to its pecuniary interests—stemming from harm to its own marks—from David's registration of the Metalast mark, Plaintiff lacks standing to seek its cancellation.[4]

The Court thus denies summary judgment on Chemeon's claim for cancellation of David's Metalast mark and dismisses this claim for lack of standing.

### C. Plaintiff's Motion for Leave To File Supplemental Briefing

The Court will also deny Plaintiff's motion for leave to file supplemental briefing in further support of its supplemental briefing on the standing question because nothing in the motion or the proposed supplemental briefing attached to it changes the Court's analysis, *supra* in Section IV.B.

"A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." LR 7-2(g). The Court will only find good cause under LR 7-2(g) if Plaintiff was reasonably diligent in seeking leave to supplement.

---

[4] Further, as David also argues (ECF No. 404 at 3), Plaintiff previously agreed to stop selling products and services under the Metalast name. This also weighs in favor of finding Plaintiff lacks standing to cancel the Metalast trademark. *See Smith v. Entrepreneur Media, Inc.*, 667 F. App'x 975 (9th Cir. 2016) ("The district court properly dismissed Smith's claim challenging the 'Entrepreneur Expo' mark for lack of standing because Smith had previously been enjoined from using colorable imitations of EMI's 'Entrepreneur' mark for advertising and business services.").

*See, e.g., De Luna v. Sunrise Hosp. & Med. Ctr., LLC*, Case No. 2:17-cv-01052-JAD-VCF, 2018 WL 4053323, at *5 (D. Nev. Aug. 24, 2018). Further, the Court will only find good cause exists to allow Plaintiff's supplemental brieifing if the proposed briefing will make a substantive difference. *See, e.g., Morrison v. Quest Diagnostics Inc.*, Case No. 2:14-cv-01207-RFB-PAL, 2016 WL 6246306, at *3 (D. Nev. Oct. 24, 2016), *aff'd*, 698 F. App'x 350 (9th Cir. 2017) (declining to consider supplemental documents filed in opposition to summary judgment motions because the supplemental documents failed to raise any issues of material fact).

Even assuming Plaintiff was diligent in seeking leave to file further supplemental briefing,[5] good cause is lacking here because Plaintiff's proposed supplemental briefing does not affect the Court's decision that Plaintiff lacks standing to seek cancellation of the challenged Metalast trademark. The heart of Plaintiff's argument in its proposed supplemental briefing is that David and associated entities filed a lawsuit against Plaintiff's distributors in California for using the "formerly Metalast" language on their products, which Plaintiff contends causes it harm because it has to indemnify those distributors in the lawsuit, and suggests that David is attempting to "make an end run around this Court's rulings." (ECF Nos. 451, 451-1 at 4.) However, this does not change the Court's standing analysis *supra* in Section IV.B. Plaintiff still has no competing mark from which its purported harm flows. Thus, there is no good reason for the Court to permit further briefing on the standing question. Lacking good cause, Plaintiff's motion for leave to file additional supplemental briefing is denied.

**D. Plaintiff's Motion to Seal**

As Plaintiff stated, a ruling on the motion to seal would only be necessary if the Court were to grant its motion to supplement its supplemental brieifing. (ECF No. 452 at

---

[5]The lawsuit that apparently prompted the supplemental briefing was filed November 19, 2018, and Plaintiff filed its motion December 27, 2018. (ECF No. 451 at 2.)

14

2 n.1.) Because the Court denies Plaintiff's motion for leave to file further supplemental briefing, it also denies Plaintiff's motion to seal (ECF No. 452) as moot.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion because they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant Greg Semas' motion for summary judgment (ECF No. 427) is granted.

It is further ordered that Plaintiff's claim against David Semas seeking cancellation of the Metalast trademark having registration No. 2963106 (ECF No. 348 at 41-43) is dismissed because Plaintiff lacks standing to bring it.

It is further ordered that Plaintiff's motion for leave to file a supplement to its supplemental brief (ECF No. 451) is denied.

It is further ordered that Plaintiff's motion to seal (ECF No. 452) is denied as moot.

This order resolves the remaining issues in this case. Accordingly, the Clerk is directed to enter judgment in accordance with the Court's orders in favor of Defendants and close this case.

DATED THIS 28th day of January 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE