1    **UNITED STATES DISTRICT COURT**

2    **DISTRICT OF NEVADA**

3

4    CHEMEON SURFACE TECHNOLOGY,          3:15-cv-00294-CLB

5                            Plaintiff,

6        v.                                **ORDER**

7

8    METALAST INTERNATIONAL, INC., et
     al.,
9                            Defendants.

10

11          Defendants David M. Semas ("Semas") and Metalast International, Inc. ("MI-

12   INC") (collectively referred to as "Defendants"), have filed an objection to the admission

13   of pre-release date conduct for the purposes of establishing (a) unclean hands as a

14   defense to the counterclaim for specific performance of the March 11, 2015 Settlement

15   Agreement, (b) to challenge the ownership of the Metalast word marks under any and all

16   registration numbers, and (c) to seek cancellation of any marks based upon alleged

17   fraud on the United State Patent and Trademark Office ("USPTO"). (ECF No. 599.)

18   Plaintiff Chemeon filed an opposition arguing that pre-release conduct remains relevant

19   and admissible at trial for a variety of reasons. (ECF No. 602.)

20          The court has thoroughly reviewed Defendants' memorandum and Plaintiff's

21   opposition. In addition, in deciding the issues presented in the objection and opposition,

22   the court has also thoroughly re-reviewed several prior orders, stipulations, transcripts,

23   and filings by the parties in this case, including the following: (1)  Order granting the

24   dismissal with prejudice of Defendants' counterclaims, (ECF No. 199); (2) Order denying

25   Defendants' motion for partial summary judgment, (ECF No. 233); (3) Amended Order

26   granting, in part, and denying, in part, various summary judgment motions, (ECF No.

27   411); (4) Order granting in part, and denying, in part, motion for reconsideration of

28   amended order re: summary judgment, (ECF No. 425); (5) Order on Greg Semas's

1    motion for summary judgment and standing re: cancellation of word marks, (ECF No.

2    463); (6) Trial brief, opposition and reply re: prevailing party for award of attorney's fees,

3    (ECF Nos. 513, 526, 530); (7) Transcript of October 31, 2019 hearing (ECF No. 537);

4    and, (8) the parties respective trial briefs, (ECF Nos. 586, 587, 590).

5         Having reviewed the above and considered thoroughly the parties' various

6    arguments, the court agrees with the arguments presented in Defendants' Bench

7    Memorandum in almost all respects and rejects Plaintiff's arguments. Therefore,

8    Defendants' objection as to the admission of pre-release date conduct is sustained, in

9    part, and overruled, in part.

10        Specifically, evidence of pre-release date conduct related to alleged fraudulent

11   conduct engaged in by Defendants in relation to obtaining the logo and word marks

12   directed at third parties, including but not limited to the USPTO, SEC investigation, IRS,

13   other investors or the like, is excluded from trial. In addition, any alleged fraudulent

14   conduct allegedly surrounding the Meiling's initial investments in Metalast, or the

15   Metalast related entities, is excluded from trial.

16        However, the court disagrees with Defendants' assertions that all pre-release

17   conduct is precluded by prior court orders or is otherwise irrelevant and must be

18   excluded from trial. Specifically, the court agrees that Plaintiff's defense of unclean

19   hands was not released by the settlement agreement and that some evidence of pre-

20   release conduct is directly relevant to Plaintiff's claim for "exceptional case" attorneys'

21   fees. Therefore, the court finds that the following evidence is relevant and admissible at

22   trial: (1) pre-release conduct related to the events leading up to and surrounding the

23   receivership action starting in early 2013, (2) pre-release conduct related to and

24   surrounding the Semas' bankruptcy and adversary proceeding, (3) evidence and

25   testimony related to the formation and intent surrounding the settlement agreement, and

26   (4) post-settlement conduct.  All of this evidence is directly relevant to Plaintiff's unclean

27   hands defense, as well as the Plaintiff's request for "exceptional case" attorneys' fees.

28   Therefore, the presentation of evidence and testimony related to pre-release conduct

1   starting from approximately 2013, involving the events surrounding the 2013 receivership

2   action, onward will be admissible and permissible during trial.

3         The court will not hear any further argument or accept any further briefing on

4   these issues, and the parties are advised to adjust their trial presentations accordingly.

5         **IT IS SO ORDERED.**

6

7   **DATED**:  November 11, 2020

8

9   _____

10  **UNITED STATES MAGISTRATE JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28