**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHEMEON SURFACE TECHNOLOGY,<br><br>Plaintiff,<br><br>v.<br><br>METALAST INTERNATIONAL, INC., et al.,<br><br>Defendants. | Case No. 3:15-cv-00294-CLB<br><br>**<u>ORDER</u>** |

Before the court are three motions for attorney's fees filed by Defendant Wendi Semas-Fauria ("Wendi") (ECF No. 466), Defendant Greg D. Semas ("Greg") (ECF No. 469), and Defendant David M. Semas ("David") (collectively referred to as "Defendants"). (ECF Nos. 633, 634.) Plaintiff Chemeon Surface Technology, LLC responded to the motions (ECF Nos. 638, 639, 642, respectively), and Defendants replied. (ECF Nos. 643, 644, 650, respectively.) For the reasons discussed below, the motions are denied.

**I.    BACKGROUND**

This dispute stems from the breakup of a business and disagreement over the terms of a subsequent settlement agreement between Plaintiff Chemeon Surface Technology, LLC ("Chemeon"), Counter-defendants Dean Meiling ("Dean") and Madylon Meiling ("Madylon") (collectively referred to as "Counter-defendants" or "the Meilings"), and Defendants and Counterclaimants David, Metalast International, Inc. ("MI-INC"), and Metalast International, LLC ("MI-LLC"). The court conducted a bench trial on November 9, 10, 12, 13, and 17, 2020. (ECF Nos. 600, 603, 605, 606, 608.) The court issued its Findings of Fact and Conclusions of Law on February 23, 2021. (ECF No. 627.) The court found in favor of Defendants as to all claims that proceeded to trial, except the court found that Chemeon did not breach the implied covenant of good faith and fair dealing when they breached the 2015 Settlement Agreement. (*See id.*) Thus, having

found Defendants to be the prevailing party as to the bulk of the claims in this case, the court ordered Chemeon to respond to Greg and Wendi's previously filed motion for attorney's fees and granted leave for any party to file a motion for attorney's fees. (*Id.* at 42-43.) The court now addresses the motions.

## II. LEGAL STANDARD

Under the "American rule," litigants generally must pay their own attorney's fees in absence of a rule, statute, or contract authorizing such an award. *See Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999). Nonetheless, the decision to award attorney's fees is left to the sound discretion of the district court. *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994).

"'In an action involving state law claims, [federal courts] apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule.'" *Cataphora Inc. v. Parker*, 848 F. Supp. 2d 1064, 1067 (N.D. Cal. 2012) (quoting *MRO Commc'ns v. Am. Te. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999) (alternation in original)).

## III. MOTIONS FOR ATTORNEY'S FEES

### A. Prevailing Party

Before the court can decide if an attorney's fee award is appropriate, it must first determine who is the prevailing party. A party prevails for purposes of an attorney's fee award if the party has "achieved a material alteration in the legal relationship of the parties that is judicially sanctioned." *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009) (quotation omitted). "The material alteration in the legal relationship of the parties must be relief that the would-be prevailing party sought…." *Id.*

"The threshold for sufficient relief to confer prevailing party status is not high." *Saint John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1059 (9th Cir. 2009). Even an award of nominal damages will suffice to confer prevailing

party status, although the "nature and quality of relief may affect the amount of the fees awarded." *Id.* A party need not prevail on all its claims to be the prevailing party. *San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009).

Chemeon brought the following claims against Defendants: (1) misappropriation of trade secrets (Nevada law), (2) declaratory relief of no trademark infringement, (3) cancellation of "Metalast" registration, (4) cancellation of logo trademarks, (5) common law trademark infringement, (6) copyright infringement, (7) intentional interference with prospective economic advantage, (8) unfair competition, (9) statutory deceptive trade practices/consumer fraud, (10) unjust enrichment, (11) breach of fiduciary duty, (12) breach of operating agreement, (13) contractual breach of implied covenant of good faith and fair dealing, (14) tortious breach of implied covenant of good faith and fair dealing, (15) conversion, (16) civil conspiracy, and (17) breach of contract—employment agreement. (ECF No. 535.) Claims 1, 3, and 7–17 were dismissed in favor of Defendants on summary judgment. (*See* ECF Nos. 411, 481.) The court granted Chemeon's motion for summary judgment on its claims related to the cancellation of the logo marks (Claim 4) after Defendants conceded that they abandoned their interest in the logo marks. (*See* ECF No. 411.) The court also granted, upon reconsideration, Chemeon's Claim 2 as to wordmarks only. (*See* ECF No. 425.) Thus, Part of Claim 2 related to attorney's fees and Claims 5 and 6 were presented at trial, where the court ultimately found in favor of Defendants on all remaining claims. (*See* ECF No. 627 at 42.)

Defendants brought the following counterclaims against Chemeon: (1) breach of contract, (2) bad faith, (3) trademark dilution, (4) trademark infringement, (5) trademark infringement and unfair competition under Nevada law, (6) trademark dilution under Nevada law, and (7) specific performance of settlement. (ECF No. 51.) Pursuant to stipulation of the parties, Defendants voluntarily dismissed Counterclaims 3–6. (*See* ECF Nos. 181, 199.) Thus, Counterclaims 1, 2, and 7 were presented at trial where the court

ultimately found in favor of Defendants on Counterclaims 1 and 7, and in favor of Chemeon on Counterclaim 2. (*See* ECF No. 627 at 42.)

Defendants prevailed on the vast majority of claims in this litigation filed against each individual defendant.[1] (*See* ECF Nos. 411, 481, 627.) By contrast, the only claims that were found in Chemeon's favor were: (1) counterclaims that were dismissed pretrial by stipulation of the parties; and (2) two claims related to the cancellation of the logo marks based on Defendants' pretrial concession that they were abandoning their rights in those marks. (*See* ECF Nos. 181, 199, 627.) In addition, at trial, Chemeon only successfully defended one counterclaim that it did not breach the settlement agreement in bad faith. A party is not deemed a prevailing party if those dismissals did not materially alter the legal relationship of the parties. *See Klamath*, 589 F.3d at 1030. Ultimately, it was Defendants—not Chemeon—that achieved a material alteration in the legal relationship of the parties that they sought, which included dismissal of virtually all claims asserted against them pretrial, and at trial, a finding that Chemeon breached the settlement agreement. (*Id.*)

Accordingly, the court finds that Defendants are the prevailing party for purposes of awarding both fees and costs.[2] Having made this determination, the court will now turn to the question of attorney's fees.

**B. David's Motion for Attorney's Fees**

David argues he is entitled to attorney's fees under: (1) the MI-LLC Operating Agreement; (2) the Employment Contract; (3) the Copyright Act (17 U.S.C. § 505); (4) the Lanham Act (15 U.S.C. § 1117(a)); (5) the Uniform Trade Secrets Act (NRS § 600A.060(1)); and (6) NRS § 18.010(2)(b). (ECF No. 633.) Each is discussed in turn.

---

[1] For a more detailed recitation of the procedural history in this case, the court refers to the procedural history section of the Findings of Fact and Conclusions of Law. (*See* ECF No. 627 at 17-20.)

[2] In accordance with this finding, the court does not find it proper to apportion costs.

4

### 1. Fees under the Operating Agreement and Employment Contract

As to the Operating Agreement and Employment Contract, the court (Judge Du) has already found that Plaintiff is not a party to the Operating Agreement (*See* ECF No. 481 at 7), or the Employment Contract (*See* ECF No. 411 at 24-25), and therefore the fee-shifting provisions do not apply. "The law of the case doctrine … posits that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 925 (9th Cir. 2009) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). The Ninth Circuit has held that the law of the case doctrine applies not only to legal conclusions, but to decisions regarding factual issues as well. *See Pit River Home and Agricultural Coop. Ass'n v. United States*, 30 F.3d 1088, 1096-97 (9th Cir. 1994). "A court [has] discretion to depart from the law of the case where: (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). Here, nothing has been presented to the court that would warrant a departure from the law of the case. Thus, David is not entitled to fees under either the Operating Agreement or the Employment Contract, as Plaintiff was not a party to either agreement/contract.

### 2. Fees under the Copyright Act

Under the Copyright Act, the court has discretion to award attorney fees to a prevailing copyright infringement party. 17 U.S.C. § 505; *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) ("[A]ttorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion."). "In applying [§ 505], district courts are charged with two tasks: first, deciding whether an award of attorneys' fees is appropriate, and second, calculating the amount of fees to be awarded." *Traditional Cat Ass'n v. Gilbreath*, 340 F.3d 829, 832-33 (9th Cir. 2003). The United States Supreme Court provided a set of non-exclusive factors to guide this determination in *Fogerty v. Fantasy*

*Inc.*, which are as follows: "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Fogerty*, 510 U.S. at 534 n.19.

The Ninth Circuit has added the following discretionary factors to the analysis: "the degree of success obtained in the litigation, the purposes of the Copyright Act, and 'whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious [litigant].'" *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1037 (9th Cir. 2018) (quoting *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 675 (9th Cir. 2017)). "[The Ninth Circuit] recently re-affirmed [its] commitment to these factors, but emphasized that district courts should 'accord substantial weight to' the 'reasonableness of [the] losing party's legal and factual arguments.'" *Glacier Films, 896 F.3d at 1037* (citing *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018); *see also Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S.Ct. 1979, 1986 (2016) (giving the factor "significant weight").

David's motion focuses only on Plaintiff's motivation for bringing the copyright claim. (*See* ECF No. 633 at 6-7.) David argues Chemeon's motive was to use the copyright claim to obtain a result that it would not achieve under trademark law because Chemeon lacked standing to seek cancellation. (*Id.* at 7.) David presents no argument as to the other *Fogerty* factors and his conclusory statement that Chemeon brought the copyright claim in bad faith does not warrant an award of fees. Even taking David's assertion as true that Chemeon brought the copyright claim in bad faith, the court finds that Chemeon's motivation alone is not a sufficient basis to award attorney's fees. This is true especially in light of the Ninth Circuit's guidance that objective unreasonableness should be accorded substantial weight. *See Glacier Films*, 896 F.3d at 1037. Thus, David is not entitled to fees under the Copyright Act.

### 3. Fees under the Lanham Act

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable

attorney fees to the prevailing party." Lanham Act § 47(a), 15 U.S.C. § 1117(a). This court must exercise discretion and consider the totality of circumstances in determining whether this is an "exceptional case". *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). To support his claim under the "exceptional case" provision, David has asserted that Chemeon "made this an 'exceptional case' by the manner in which it insisted, illogically, the connection between pre-settlement conduct and current prosecution of trademark actions." (ECF No. 633 at 8-9.)

One of the main issues presented at trial was whether Chemeon was entitled to "exceptional case" fees under the Lanham Act based on Chemeon's argument that David fraudulently obtained ownership of the Metalast word mark and logo marks. (*See* ECF No. 627 at 36-37.) The court specifically found that this case was not "exceptional", and attorney's fees would not be awarded pursuant to 15 U.S.C. § 1117(a). (*Id.* at 37.) The same remains true. David has presented no evidence or analysis to show that this is an "exceptional case" such that attorney's fees should be awarded—especially in light of the evidence he did present at trial to demonstrate that this is **not** an "exceptional case".

### 4. Fees under Nevada's Uniform Trade Secrets Act

Under Nevada's Uniform Trade Secrets Act ("UTSA"), a "court may award reasonable attorney's fees to the prevailing party" when: (1) "[a] claim of misappropriation is made in bad faith," (2) "[a] motion to terminate an injunction is made or resisted in bad faith," or (3) "[w]illful and malicious misappropriation exists." NRS § 600A.060. David argues he is entitled to fees under the UTSA because Chemeon provided no evidence of any appropriation of a trade secret and "Chemeon did not merely bring a specious claim[,] [t]he trade secrets claim was a part of Chemeon's scattergun approach to this entire case." (ECF No. 633 at 9.)

While Nevada has not addressed what "bad faith" means under the UTSA, California courts have found that bad faith under the UTSA exists when there is "(1) objective speciousness of the claim, and (2) subjective bad faith in bringing or maintaining the action, i.e., for an improper purpose." *FLIR Systems, Inc. v. Parrish*, 174

Cal.App.4th 1270, 1275 (2009) (citing *Gemini Aluminum Corp., v. California Custom Shapes, Inc.*, 95 Cal.App.4th 1249, 1262-65 (2002)). Although David argues the trade secret claim is specious, he provides no argument as to subjective bad faith element. Further, his conclusory statements about objective speciousness are insufficient to establish Chemeon brought their misappropriation claim in bad faith. Thus, the court does not find it appropriate to award fees under Nevada's UTSA.

### 5. Fees under NRS § 18.010(2)(b)

Finally, David argues he is entitled to an award of attorney's fees under NRS § 18.010(2)(b) for his state law claims. Under Nevada law, "[t]he compensation of an attorney and counselor for his or her services is governed by agreement, express or implied, which is not restrained by law." NRS § 18.010(1). A party prevails under NRS § 18.010 "'if it succeeds on any significant issue in litigation which achieves some of the benefit it sought in bringing suit.'" *Valley Electric Ass'n v. Overfield*, 106 P.3d 1198, 1200 (Nev. 2005) (quoting *Women's Fed. Sav. & Loan Ass'n of Cleveland v. Nevada Nat. Bank*, 623 F. Supp. 469, 470 (D. Nev. 1985)).

Alternatively, "the court may make allowance for attorney's fees to a prevailing party" when it finds that the opposing party's claim was "brought or maintained without reasonable ground or to harass the prevailing party." NRS § 18.010(2)(b). Such a finding, however, must be supported by evidence in the record. *Chowdry v. NVLH, Inc.*, 851 P.2d 459, 464 (Nev. 1993). The claim will only be found frivolous if it is not well grounded in fact or is not warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law. *Simonian v. Univ. & Cmty. Coll. Sys. of Nevada*, 128 P.3d 1057, 1063 (Nev. 2006). The fact that the claim did not prevail, or even the fact that a claim was determined to be without merit "alone is insufficient for a determination that the motion was frivolous, warranting sanctions." *Rivero v. Rivero*, 216 P.3d 213, 234 (Nev. 2009). Rather, the reasonableness of the plaintiff's claims "depends on the actual circumstances of the case." *Bergmann v. Boyce,* 856 P.2d 560 (Nev. 1993), *superseded by statute on other grounds as stated in In re DISH Network*

1 *Derivative Litig.*, 401 P.3d 1081, 1093 n.6 (Nev. 2017).

David argues he is entitled to fees under NRS § 18.010(2)(b) because Chemeon lacked reasonable grounds to bring and maintain the suit. (*See* ECF No. 633 at 11-12.) Chemeon counters that the court should not award David fees because Chemeon's claims were not frivolous or brought and/or maintained for purposes of harassment. (ECF No. 642 at 11-14.) The court generally agrees with Chemeon.

Here, the court lacks the evidence necessary for it to make a specific finding of bad faith in order to impose sanctions under NRS § 18.010(2)(b). *See Semenza v. Caughlin Crafted Homes*, 901 P.2d 684, 687 (Nev. 1995) (stating that a court's decision to award fees is discretionary, but "there must be evidence in the record supporting the proposition that the complaint was brought without reasonable grounds or to harass the other party.") (citation omitted). First, although summary judgment was granted against Chemeon on the majority of its claims, this alone does not indicate that the claims brought were frivolous. *See Rivero*, 216 P.3d at 234; *See also Berkla v. Corel Corp.*, 302 F.3d 909, 912 (9th Cir. 2002). Second, there is no evidence that this lawsuit was filed entirely for the purpose of harassment. Although other paths may have been available to Chemeon to pursue relief in relation to the settlement agreement, this does not mean that filing this lawsuit—as opposed to following those other paths—was purely for the purpose of harassment. Nor can the court conclude that the lawsuit was wholly frivolous given that at least some of Chemeon's claims survived summary judgment and proceeded to trial. Finally, while the court ultimately found that Chemeon breached the settlement agreement, the court explicitly found Chemeon did not do so *in bad faith*. (*See* ECF No. 627 at 27-30.) David does not present evidence to counter this finding.

In sum, David's argument that he is entitled to an award of fees is conclusory, fails to show that the case was unreasonably brought, and that all the claims were without a legal or factual basis. Thus, the court does not find it appropriate to award fees under NRS § 18.010(2)(b).

For all these reasons, David's motion for attorney's fees (ECF No. 633) is denied.

### C. Wendi and Greg's Motions for Attorney's Fees

Like David, Wendi and Greg contend they are entitled to attorney's fees against Chemeon under: (1) the MI-LLC Operating Agreement; (2) the Copyright Act (17 U.S.C. § 505); and (3) NRS § 18.010(2)(b).

The court rejects these arguments for the same reasons discussed above. Here again, the Court (Judge Du) already found that Chemeon is not a party to the MI-LLC Operating Agreement, such that the fee-shifting provisions do not apply. (*See* ECF No. 481 at 7.) Second, as to the Copyright Act, the arguments are conclusory, do not fully address the *Fogerty* factors, and simply state Chemeon could not show evidence of infringement. (*See* ECF Nos. 466 at 4-5; 469 at 3-4.) Finally, as to NRS § 18.010(2)(b), Wendi and Greg's arguments are conclusory, fail to show that the case was unreasonably brought, and that all the claims were without a legal or factual basis. (ECF Nos. 466 at 6; 469 at 4-5.) Further, the fact that the claims did not prevail, or even the fact that claims are determined to be without merit "alone is insufficient for a determination that the motion was frivolous, warranting sanctions." *Rivero*, 216 P.3d at 234. For all of these reasons, Wendi and Greg's motions for attorney's fees (ECF Nos. 466, 469) are denied.

### IV. CONCLUSION

The court notes that the parties made several arguments and cited to several cases not discussed above. The court has reviewed these arguments and cases and determines they do not warrant discussion as they do not affect the outcome of the motions before the court.

**IT IS THEREFORE ORDERED** that Wendi's motion for attorney's fees (ECF No. 466) is **DENIED**;

**IT IS FURTHER ORDERED** that Greg's motion for attorney's fees (ECF No. 469) is **DENIED**; and,

**IT IS FURTHER ORDERED** that David's motion for attorney's fees (ECF No. 633) is **DENIED**.

**DATED**: June 8, 2021

_____
**UNITED STATES MAGISTRATE JUDGE**